389 So.2d 1041 (1980)
Michael L. GREFKOWICZ and Deborah J. Grefkowicz, Appellants,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 79-1189.
District Court of Appeal of Florida, Third District.
October 14, 1980.
Rehearing Denied November 19, 1980.
*1042 Nicholas R. Friedman, Miami, for appellants.
Robert A. Ginsburg, County Atty. and Stanley B. Price, Asst. County Atty., for appellee.
Leonard Helfand, Miami, for Florida Dept. of Health and Rehabilitative Services as amicus curiae.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
In a de novo hearing, the Board of County Commissioners of Dade County (hereinafter referred to as the Board) reversed the Zoning Appeals Board and denied the Grefkowiczes' zoning application for an unusual use of a residence as a home for the elderly and for a parking variance. The Grefkowiczes then filed a notice in the circuit court for a de novo hearing on the zoning application pursuant to Section 163.250, Florida Statutes (1977). The circuit court refused to grant a de novo hearing, but instead entertained the matter as an appeal and determined that the Board had substantial competent evidence to support its denial of the zoning application.
The Grefkowiczes appealed, claiming error on two counts; first, that the circuit court should have conducted a de novo hearing, and second, that there was no substantial competent evidence to support the Board's decision. We find no merit in either argument.
The provisions of Section 163.250, Florida Statutes (1977) do not apply unless there is an enactment by the Board of County Commissioners electing to be bound by the provisions of Chapter 163, Florida Statutes. § 163.175, Fla. Stat. (1977). Since no ordinance was passed and since there was no other authorization for a de novo review, there was no error in the circuit court's denial of the Grefkowiczes' motion. Orange County v. City of Apopka, 299 So.2d 652, modified on rehearing, 299 So.2d 656 (Fla. 4th DCA 1974); City of Apopka v. Orange County, 299 So.2d 657, modified on rehearing, 299 So.2d 660 (Fla. 4th DCA 1974).
Concerning appellants' second point on appeal, we hold that the evidence supports the Board in its conclusion that the unusual use would not be compatible with the neighborhood. The testimony presented by the neighboring property owners and that presented by the Grefkowiczes themselves showed that the Grefkowiczes intended to use a strictly residential property for a commercial purpose. That testimony provided substantial, competent evidence that the use would not be compatible with the neighborhood. See: Board of County Commissioners v. Lowas, 348 So.2d 13 (Fla.3d DCA 1977); Code of Metropolitan Dade County, Fl. (1978) § 33-311(d).
In so holding, we are not unmindful of the holding of City of Apopka v. Orange County, supra, that "[t]he objections of a large number of residents of the affected neighborhood are not a sound basis for the denial of a permit." In this case, just as was contemplated by City of Apopka v. Orange County, supra, the testimony of the aggrieved property owners disclosed facts which could properly be considered.
For these reasons, the circuit court's decision affirming the Board is affirmed.
BARKDULL, Judge, concurring.
I concur in the affirmance of the order appealed herein. In considering the instant request for an unusual use, to wit: a home *1043 for the aged as permitted under Section 33-13(e), Code of Metropolitan Dade County, the County Commission is charged with the duty of protecting the public interest. This court succinctly stated in B.S. Enterprises, Inc. v. Dade County, 342 So.2d 117 (Fla.3d DCA 1977):
"... The Board of County Commissioners acting under the zoning regulations had the responsibility of determining whether the granting of the special exception would adversely affect the public interest...."
In considering the propriety of denial of an unusual use, this court stated, in Dade County v. Florida Mining and Materials Corporation, 364 So.2d 31 (Fla.3d DCA 1978):
"... The granting or refusal thereof is to be determined by the facts of the individual case, viewed in light of the governing body's right to reasonably regulate mining operations under its police powers to advance the community's interest in health, safety, morals or welfare... ."
Considering the evidence with these admonitions in mind, along with the criteria for granting an unusual use set forth in Section 33-311(d), Code of Metropolitan Dade County, the record contains facts sufficient to support the Commission's denial of the requested unusual use as being detrimental to the public health, safety, welfare or morals.
Therefore, I would affirm the circuit court's decision affirming the decision of the Board of County Commissioners.
SCHWARTZ, Judge (dissenting).
Although I agree that the appellants had no right to a de novo hearing in the circuit court, I disagree with the determination that there was substantial, competent evidence to support the commission's denial of the unusual use application. A "home for the aged" is specifically designated in Sec. 33-13(e), Dade County Code, as a permissible "unusual use" in an RU-1 district. The application for that use could therefore be denied only upon a showing that the particular proposal would "adversely affect the public interest." B.S. Enterprises, Inc. v. Dade County, 342 So.2d 117, 118 (Fla.3d DCA 1977); Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478, 480 (Fla. 4th DCA 1975). As I read the record before the commission however, it contains only (1) statements of several property owners that they did not want the proposed "adult congregate living facility" in their neighborhood and (2) expressions of tender but unsolicited concern for the safety of the elderly persons who would be living there, based on the facts that a canal was nearby and that fire fighting facilities were allegedly inadequate. Neither factor constitutes an acceptable basis for the board's action. Allapattah Community Association, Inc. v. City of Miami, 379 So.2d 387 (Fla.3d DCA 1980), cert. denied, 386 So.2d 635 (Fla. 1980) and cases cited; City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974). In my view, the court's decision to affirm on this record amounts to a holding that granting an unusual use is a matter of the grace of the commission and that a denial of such an application is therefore essentially unreviewable. I do not think that this is or should be the law.