493 So.2d 535 (1986)
The CITY OF ST. PETERSBURG, a Florida Municipal Corporation, Corrinne Freeman, Mayor and Commissioner; J.W. Cate, Commissioner; Sally Wallace, Commissioner; Bill Bond, Jr., Commissioner; James W. Martin, Commissioner; Peter A. England, Commissioner; and David T. Welch, Commissioner, Appellants,
v.
CARDINAL INDUSTRIES DEVELOPMENT CORPORATION, Appellee.
No. 85-2943.
District Court of Appeal of Florida, Second District.
September 5, 1986.
*536 Michael S. Davis, City Atty., and William N. Drake, Jr., and Diane Barrs, Asst. City Attys., St. Petersburg, for appellants.
Jack T. Bridges of Cleveland & Bridges, Sanford, for appellee.
GRIMES, Acting Chief Judge.
This case involves the denial of an application for a special exception under the zoning ordinances of the City of St. Petersburg.
Pursuant to the city code, appellee (Cardinal) applied to the Environmental Development Commission (EDC) for special exception approval of a multifamily development of fifty-two modular units in a RM-12/15 zoning district. The code permits the EDC after public notice and hearing, but subject to appropriate conditions and safeguards, to approve a special exception for a multifamily development greater than twenty dwelling units in the RM-12/15 zone. The EDC staff recommended that the special exception be approved. However, following a public hearing, the EDC voted to deny Cardinal's application. Cardinal then appealed to the city council. The city council also conducted a public hearing and upheld the EDC's denial of the special exception.
Thereafter, Cardinal attacked the denial of the special exception by filing a complaint for declaratory judgment combined with petitions for mandamus and certiorari. The court dismissed the petition for mandamus, and Cardinal later dismissed the petition for certiorari. At trial, the court reviewed the minutes of the EDC public meeting (no transcript was available), the transcript of the public hearing before the city commission and other exhibits. No testimony was taken.
The court entered a final judgment which held in pertinent part:
9. The Plaintiff has failed to show that either Section 64.23 or 64.113(2) of the St. Petersburg City code violates the Equal Protection Clauses of the Federal or State Constitutions.
10. Section 64.23 of the St. Petersburg City code setting forth the criteria to be utilized by the City in granting or denying applications for special exceptions is constitutional. Section 64.23 of the St. Petersburg City Code sets forth adequate standards to be considered in *537 granting or denying special exception requests.
11. With respect to the Plaintiff's claim that both the Environmental Development Commission and the St. Petersburg City Council acted capriciously and arbitrarily, failed to conduct the hearings in accordance with the law, and failed to consider relevant evidence and make proper findings of fact, the court finds that this action is governed by City of Apopka vs Orange County 299 So.2d 657 (Fla. 4th DCA 1974) and further finds as follows:
a) In neither the hearing held before the Environmental Development Commission or the St. Petersburg City Council were the witnesses placed under oath nor council for Plaintiff afforded the opportunity to cross examine the witnesses.
b) Further, the testimony of the witnesses in opposition to the Plaintiff application for an exception were not matters of fact but were based on opinions, suppositions and desires.
c) Both the Environmental Development Commission and St. Petersburg City Council, in denying the Plaintiff application for an exception, failed to make adequate findings of fact based on competent substantial evidence.
THEREFORE, IT IS ORDERED AND ADJUDGED that the City of St. Petersburg denial of the Plaintiff "special exception" is set aside.
AND FURTHER IT IS ORDERED AND ADJUDGED that this cause is remanded to the St. Petersburg City Council for another De Novo hearing in accordance with this order and the case of City of Apopka vs Orange County 299 So.2d 657 (Fla. 4th DCA 1974).
At the outset, we find it necessary to address the procedural posture of the case. It appears that the proper method for Cardinal to attack the sufficiency of the evidence for the denial of its application was by way of a petition for certiorari to the circuit court. Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982). On the other hand, a suit for declaratory judgment was the proper way to test the constitutionality of the city code, Keay v. City of Coral Gables, 236 So.2d 133 (Fla. 3d DCA 1970), and the adequacy of the criteria for granting special exceptions. City of St. Petersburg v. Schweitzer, 297 So.2d 74 (Fla. 2d DCA 1974), cert. denied, 308 So.2d 114 (Fla. 1975). While Cardinal initially employed both remedies, it voluntarily dismissed its petition for certiorari prior to the final hearing. All of the relief requested by Cardinal in its complaint for declaratory judgment was rejected when the court declared the city code to be constitutional and upheld the enumerated factors to be considered in passing on applications for special exceptions. Thus, the bases for the judgment in favor of Cardinal were not within the scope of the issues before the court at the final hearing. However, we are loath to reverse on this point because the city has never complained about it, and both parties continue to focus their arguments on whether there was competent and substantial evidence to support the administrative determination denying the application for a special exception.
Consequently, we will decide this case on the merits, but because it comes to us on plenary appeal from a declaratory judgment, we do not feel constrained by the usual limitation on the scope of review by district courts of appeal when passing on circuit courts' certiorari review of administrative actions. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982). We further note that since there is no cross-appeal, we will not reach the constitutionality of the city code or the adequacy of the criteria to be utilized in deciding whether to grant a special exception.
The city code set forth nine factors to be considered in evaluating an application for a special exception. The denial of Cardinal's application was ultimately grounded upon three of these factors:
(a) Compatibility of the use with the existing natural environment of the site and with properties in the neighborhood *538 as outlined in the City's Comprehensive Plan.
(b) Substantial detrimental effects of the use on property values in the neighborhood.
(c) Substantial detrimental effects of the use on living or working conditions in the neighborhood.
At the hearings before both the EDC and the city commission many persons appeared to protest the granting of the special exception. Unquestionably, some of the objections were legally insufficient. In fact, several persons simply registered protests without giving any reasons to support their positions. In addition, the concern expressed that all of the labor in the construction of the buildings would be done outside of Pinellas County was not a valid consideration. Similarly, the nonexpert opinion that the wooden homes would be a fire hazard was not a sufficient reason for denial when there was no showing that the proposed construction would violate the fire code. On the other hand, there was legitimate criticism that the size of most of the proposed units was much smaller than any of the apartments and condominiums in the immediately surrounding area. The observation that there was already a high rate of vacancy in nearby rental units was also relevant to the extent that it reflected a concern that the new development might suffer from the same problem and thereby adversely affect land values in the neighborhood. Another valid reason expressed was that the small wood frame modular apartments that Cardinal intended to erect were incompatible in style with any of the other buildings in the area.
The court below laid great emphasis on City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974), which involved the denial of the application for a special exception to construct an airport. There, a large number of residents of the affected neighborhood had appeared at the public hearing and expressed unsubstantiated opinions as to why the proposed airport would damage the surrounding area. Our sister court reversed the denial of the special exception because there were insufficient facts upon which the denial could be predicated. While some of the protests in the instant case paralleled those in City of Apopka, we believe that the record as a whole disclosed sufficient facts relevant to the pertinent factors enumerated in the code which would support the decision to deny Cardinal's application for a special exception. See Grefkowicz v. Metropolitan Dade County, 389 So.2d 1041 (Fla. 3d DCA 1980). Where the evidence is conflicting, the courts should not interfere with an administrative decision to deny a special exception. Sarasota County v. Purser, 476 So.2d 1359 (Fla. 2d DCA 1985).
The trial court's concern over the manner in which the evidence was received and the absence of findings of fact also stemmed from City of Apopka. The district court in City of Apopka observed that at the meeting before the county commissioners "witnesses were not sworn and cross-examination was specifically prohibited." 299 So.2d at 660. The district court also noted the absence of any findings of fact. However, it is obvious that the reason why the district court in that case ordered the board to conduct a de novo hearing on the application for special exception was because of the lack of facts in the record to substantiate the board's conclusion that the exception would adversely affect the public interest. We know of no requirement that witnesses appearing before the applicable boards in special exception proceedings must be sworn, and in the instant case Cardinal never sought to cross-examine the witnesses who did appear. Likewise, Cardinal has failed to demonstrate the necessity for findings of fact. See Odham v. Petersen, 398 So.2d 875 (Fla. 5th DCA 1981).
Therefore, we reverse the judgment of the trial court and uphold the denial of Cardinal's application for a special exception.
RYDER and SCHOONOVER, JJ., concur.