497 So.2d 1322 (1986)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida and Anoviv Realty Company, Petitioners,
v.
Michael B. FULLER, Respondent.
Nos. 86-1375, 86-1403.
District Court of Appeal of Florida, Third District.
November 25, 1986.
Robert A. Ginsburg and Craig H. Coller, Miami, John G. Fletcher, South Miami, Simon Ferro, Miami, for petitioners.
Papy, Poole, Weissenborn & Papy and Sheridan K. Weissenborn, Coral Gables, for respondent.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
As specifically authorized by section 3313(e) of the Dade County Code, the county commission granted the petitioner Anoviv Realty Company an "unusual use" for an employee trailer camp on its industrial (IU-1) zoned property. On appeal, the circuit court held that that relief was governed by the showing necessary to sustain a "use variance," that is, a legally cognizable "hardship," and, because no such hardship had admittedly been demonstrated, reversed the resolution in question.
It is clear, however, that an unusual use, like a special exception, is subject only to the test enunciated in section 33-311(d) of the Code,[1] which is essentially whether the proposal serves the public interest. See Carlos Estates, Inc. v. Dade County, 426 So.2d 1167 (Fla. 3d DCA 1983); Grefkowicz v. Metropolitan Dade County, 389 So.2d 1041 (Fla. 3d DCA 1980); Board of County Commissioners of Dade County v. First Free Will Baptist Church, 374 So.2d 1055 (Fla. 3d DCA 1979); Dade County v. Florida Mining & Materials Corp., 364 So.2d 31 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 467 (Fla. 1979); B.S. Enterprises, Inc. v. Dade County, 342 So.2d 117 (Fla. 3d *1323 DCA 1977). It is specifically not subject to the variance-hardship requirement. Hemisphere Equity Realty Co. v. Key Biscayne Property Taxpayers Association, 369 So.2d 996 (Fla. 3d DCA 1979); 3 Anderson, American Law of Zoning §§ 21.01-.02 (3rd ed. 1986). The decision below therefore clearly embodies a departure from the essential requirements of the law and is consequently quashed.
Since the circuit court has not yet determined whether the unusual use was properly granted under the appropriate standard, see Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla. 1986); Alachua County v. Eagle's Nest Farms, Inc., 473 So.2d 257 (Fla. 1st DCA 1985), review denied, 486 So.2d 595 (Fla. 1986); Grefkowicz v. Metropolitan Dade County, 389 So.2d at 1042, the cause is remanded for consideration of this issue and for further proceedings consistent herewith.
Quashed, remanded.
NOTES
[1] This provision states:

(d) Special exceptions, unusual and new uses. Hear application for and grant or deny special exceptions; that is, those exceptions permitted by the regulations only upon approval after public hearing, new uses and unusual uses which by the regulations are only permitted upon approval after public hearing; provided the applied for exception or use, including exception for site or plot plan approval, in the opinion of the zoning board, would not have an unfavorable effect on the economy of Dade County, Florida, would not generate or result in excessive noise or traffic, cause undue or excessive burden on public facilities, including water, sewer, solid waste disposal, recreation, transportation, streets, roads, highways or other such facilities which have been constructed or which are planned and budgeted for construction, are accessible by private or public roads, streets or highways, tend to create a fire or other equally or greater dangerous hazards, or provoke excessive overcrowding or concentration of people or population, when considering the necessity for and reasonableness of such applied for exception or use in relation to the present and future development of the area concerned and the compatibility of the applied for exception or use with such area and its development.