GUNTHER, Judge.
We grant the City of Hollywood’s petition for writ of common law certiorari and quash the circuit court’s final judgment granting permission to the South Broward Hospital District for a ground level emergency helicopter landing pad adjacent to the hospital.
The final judgment is quashed because the circuit court acting in its appellate capacity departed from the essential requirements of law in that the court improperly applied the “balancing of public interests” test, reweighed the evidence, and substituted its judgment for that of the fact finder.
City of Deerfield Beach v. Vaillant, 399 So.2d 1045 (Fla. 4th DCA 1981), aff'd, 419 So.2d 624 (Fla.1982), stands for the proposition that when a circuit court sits in its appellate capacity, as it did in the instant ease, its scope of review is limited to a determination of whether the City:
1. provided procedural due process;
2. observed the essential requirement of the law; and
3. supported its findings by substantial competent substantial evidence.
In the instant case, the final judgment makes no mention of any of these standards of review. Instead, the circuit court states that the test known as the balancing of public interest test, also known as the competing interests test, is the proper standard to be followed in resolving the issue before it.
In the final judgment the court stated:
That by a weighing and determination of the public interests which are involved *1309 in this cause and that through a proper application of the balancing of public interests test which is referred to in the findings of this judgment, the Court finds and determines that the more compelling and more important of such interests are in favor of South Broward Hospital District and against City of Hollywood, all with respect to the application of South Broward Hospital District to City of Hollywood for the granting of a special exception to allow the contraction of a ground level helistop at the site known as Memorial Hospital, 3501 Johnson Street, Hollywood, Broward County, Florida.
Thus, it is clear from the express words of the final judgment that the circuit court reweighed the evidence contrary to the teachings of Vaillant.
A district court, upon review of a circuit judgment rendered in its appellate capacity, determines whether the circuit court afforded procedural due process and applied the correct law. Vaillant, at 1046. In the instant case, procedural due process is not an issue but we have determined that the circuit court did not apply the correct law.
DOWNEY, J., concurs.
LETTS, J., concurs specially with opinion.