SMITH, Judge.
Thomas seeks certiorari review of an opinion of the circuit court, sitting in its appellate capacity, which reversed a decision of the Civil Service Board ordering her to be reinstated to her position as a sergeant with the Jacksonville Sheriff’s Office and extending her probationary period for three months.
The sheriff demoted Thomas to patrolman at the end of her six-month probationary period. Thomas filed a complaint with the Civil Service Board alleging that her demotion was in violation of the employee performance evaluation system which the sheriff was required to follow.
At the end of the second hearing on Thomas’ complaint, one of the Board members moved that Thomas be reinstated on the grounds that her evaluation had not been done properly. The Board voted unanimously to reinstate Thomas and extend her probationary period three months. The Board’s order does not contain any findings of fact or conclusions of law.
On appeal to the circuit court, the sheriff contended that the employee performance evaluation system did not rise to the level of a rule which he was required to follow. The circuit court found that the record was devoid of any proof that a rule of the Board was violated and reversed the action of the Board with instructions to reinstate the sheriff’s order demoting Thomas. The court went on to find that even if the employee performance evaluation system constituted a proposed rule, it had not been approved as provided by law.
The absence of findings of fact by the Board and its failure to determine the rules or regulations pertinent to the matter being reviewed by it renders its order defective and subject to reversal on due process grounds. Irvine v. Duval County *146 Planning Commission, 466 So.2d 357, 362 (Fla. 1st DCA 1985) (dissenting opinion by Judge Zehmer), approved, 495 So.2d 167 (Fla.1986), adopted on remand, 504 So.2d 1265 (Fla. 1st DCA 1986). Here, in the face of a record and an order obviously unclear as to the basis for the Board’s decision, the trial court undertook its own evaluation of the evidence and determination of the rules applicable in the administrative proceeding below. In so doing, the trial court departed from the proper scope of circuit court review in its appellate capacity. City of Deerfield Beach v. Vaillant, 399 So.2d 1045 (Fla. 4th DCA 1981), affirmed, 419 So.2d 624 (Fla.1982); City of Hollywood v. South Broward Hospital District, 504 So.2d 1308 (Fla. 4th DCA 1987); City of Miami v. Lopez, 487 So.2d 1111, 1112 (Fla. 3d DCA 1986).
On remand, the Civil Service Board shall be required to set forth its findings of fact and conclusions of law upon which its ultimate decision is based which shall include, among other things, the basic jurisdictional facts necessary to show that it is acting within its limited powers, and which shall specifically determine whether the employee evaluation system was a rule or regulation which the sheriff was required to follow. See, generally, 1 Fla.Jur.2d, Administrative Law, § 83.
Certiorari is granted, the opinion of the circuit court is quashed, and it is directed that the order of the Board be set aside and the cause remanded for further proceedings consistent with this opinion.
SHIVERS and WENTWORTH, JJ., concur.