515 So.2d 1312 (1987)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida and Anoviv Realty Company, Inc., Petitioners,
v.
Michael B. FULLER, Respondent.
Nos. 87-1689, 87-1752.
District Court of Appeal of Florida, Third District.
November 10, 1987.
Rehearing Denied December 23, 1987.
John G. Fletcher, South Miami, Simon Ferro, Coral Gables, Robert A. Ginsburg, Co. Atty. and Craig H. Coller, Asst. Co. Atty., for petitioners.
Papy, Weissenborn & Papy and Sheridan Weissenborn, Coral Gables, for respondent.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
In Metropolitan Dade County v. Fuller, 497 So.2d 1322 (Fla. 3d DCA 1986), this court quashed the reversal of an "unusual use" permit granted by the Dade County *1313 Commission for a carnival employee trailer park on the petitioner Anoviv's industrial zoned property. Concluding that the circuit court had erroneously employed a "hardship" test applicable to variances, we remanded the cause for redetermination of the merits under the appropriate standard contained in section 33-311(d) of the Metropolitan Dade County Code and the controlling cases.[1] After further consideration, the circuit court then again reversed the commission upon the finding that
our examination of the record clearly indicates that the unusual use does not serve the public interest.
We again quash that decision.
The dispositive portion of the circuit court's latest opinion is in error in two fundamental respects. First, probably and understandably influenced by the somewhat loose statement in our prior opinion that the pertinent test is "whether the proposal serves the public interest," Fuller, 497 So.2d at 1322,[2] the court fails to recognize that, an unusual use (or special exception) may not be denied unless it is shown by the opposition that the public interest will not be served or the result will be incompatible with the surrounding area if it is granted.[3] Any intimation that the applicant must show that its project is a benefit to the public interest is simply incorrect. See Irvine v. Duval County Planning Comm'n, 495 So.2d 167 (Fla. 1986) (opponent must show the unusual use is adverse to the public interest); Grefkowicz v. Metropolitan Dade County, 389 So.2d 1041 (Fla. 3d DCA 1980); Metropolitan Dade County, Fla.Code § 33-311(d) (1987) (unusual use shall be granted if proposal "would not have an unfavorable effect on ... Dade County"); Metropolitan Dade County, Fla.Code § 33-302(n) (1983) ("The words `public benefit' shall mean and refer to a development which, after consideration of all of its aspects (including but not limited to environmental, impact on facilities, economic and social) would be consistent with and not detrimental to the welfare of the community." [e.s.]).
More important, the lower court did not recognize that the initial determination of whether the applicable standard has been met is primarily entrusted, not to the courts as in the resolution of an issue of law, but to the responsible zoning authority, in this case, the county commission, for determination as a matter of fact. Skaggs-Albertson's v. ABC Liquors, Inc., 363 So.2d 1082 (Fla. 1978). In the present instance of an "unusual use," this principle means that the circuit court may not, as it seems to have done in this present case, decide whether it believes that the proposal is a good idea; rather it is confined to *1314 determining whether the commission's conclusion that the proposal is not inimical to the public welfare is supported by competent substantial evidence.[4]Encuentros Familares, Inc. v. Musgrove, 511 So.2d 645 (Fla. 3d DCA 1987); Grefkowicz, 389 So.2d at 1041. Applying this standard, a careful examination of the record presented to the commission contains ample evidence  in the form of staff recommendations for approval, see Hillsborough County Bd. of County Comm'rs v. Longo, 505 So.2d 470 (Fla. 2d DCA 1987); Walker v. Indian River County, 319 So.2d 596 (Fla. 4th DCA 1975), and otherwise[5]  to support the conclusion that the public interest would not be disserved and the consequent decision to grant the application. City of Hollywood v. South Broward Hosp. Dist., 504 So.2d 1308 (Fla. 4th DCA 1987); Encuentros, 511 So.2d at 645; Grefkowicz, 389 So.2d at 1041.
For this reason, the judgment under review is quashed and the circuit court is ordered to affirm the challenged resolution of the county commission.
Certiorari granted.
NOTES
[1] City of Hollywood v. South Broward Hosp. Dist., 504 So.2d 1308 (Fla. 4th DCA 1987), review dismissed, 513 So.2d 1063 (Fla. 1987); Irvine v. Duval County Planning Comm'n, 495 So.2d 167 (Fla. 1986); Alachua County v. Eagle's Nest Farms, Inc., 473 So.2d 257 (Fla. 1st DCA 1985), review denied, 486 So.2d 595 (Fla. 1986); Grefkowicz v. Metropolitan Dade County, 389 So.2d 1041 (Fla. 3d DCA 1980).
[2] By way of exculpatory explanation, or confession and avoidance by the author of the first Fuller opinion, it may be pointed out that the possibly imprecise "serves the public interest" language was intended merely to focus upon the substantive difference with the hardship-variance standard with which we were there concerned. It was not meant to occupy the entire field of this area of the law of zoning, including the applicable burdens of persuasion.
[3] The reason for this is that since the unusual use (or special exception) is by definition listed as a permissible use within the zone in question  as it is in this case, see Metropolitan Dade County, Fla.Code § 33-13(e) (1987)  the use is, as it were, presumptively permissible and may be denied only if the presumption of propriety is overcome. 3 A.H. Rathkopf, The Law of Zoning and Planning § 41.05, at 41-19 to 20 (1987) ("The inclusion of the particular use in the ordinance as one which is permitted under certain conditions, is equivalent to a legislative finding that the prescribed use is one which is in harmony with the other uses permitted in the district, and, while a variance can be granted only with respect to particular property as to which unnecessary hardship is found, the special exception permit must be granted to any and all property which meets the conditions specified.") (footnote omitted); see Boffo v. Boone County Board of Zoning Appeals, 421 N.E.2d 1119 (Ind. App. 1981).
[4] While we have in the past contrasted the "competent, substantial evidence" test applicable to special exceptions and unusual uses with the "fairly debatable" test which applies to zoning determinations, see Encuentros Familares, Inc., v. Musgrove, 511 So.2d 645, 646 n. 3 (Fla. 3d DCA 1987), these formulations are really expressions of the same general principle in different contexts. Each signifies that initial zoning determinations as made by the appropriate administrative or political authorities must be sustained by the courts if there is a legally cognizable basis to support the determination in question. In the case of a zoning decision, which is largely political in nature, Izaak Walton League of America v. Monroe County, 448 So.2d 1170 (Fla. 3d DCA 1984), the issue is phrased in terms of whether the competing arguments as to the use of the land are fairly debatable; in the special exception-unusual use case, in which the issue is whether the facts fall within express standards as set out by a specific statutory or code provision, the question is whether there is substantial evidence which supports the conclusion that the standards have or have not been met. See also Elwyn v. City of Miami, 113 So.2d 849 (Fla. 3d DCA 1959) (variance from permitted use requires "hardship"), cert. denied, 116 So.2d 773 (Fla. 1959).
[5] Although, because there is evidence to support`it, the showing made in opposition to the commission decision is irrelevant, it should be pointed out that the respondent Fuller showed only that the previous use of the area in question by Anoviv was unsatisfactory to the neighborhood. In the light of the fact that the very purpose of conditions attached to the unusual use was to correct these problems, this evidence seems unconvincing at best and perhaps legally insufficient at worst.