## CITY OF JACKSONVILLE v DIEAS, et al.

### Case No. 87-35-AP

Fourth Judicial Circuit, Duval County

November 19, 1987

### APPEARANCES OF COUNSEL

**William Lee Allen** Assistant Counsel, for appellant.

**Richard E. Gentry** for appellees.

### OPINION OF THE COURT

PETER WEBSTER, Circuit Judge.

Appellant, the City of Jacksonville, invokes the Court's appellate jurisdiction to review a decision of the Civil Service Board of the City of Jacksonville. The Court has jurisdiction pursuant to Rule 9.030(c)(1)(C), Florida Rules of Appellate Procedure, and Chapter 67-1320, Section 19.08, Laws of Florida. The decision sought to be reviewed is one by which the Civil Service Board upheld complaints of five prospective firefighters and directed the City to select all white firefighters from the 1985 eligibility roster.

The standard of review to be applied by this Court was clearly set

out in *City of Deerfield Beach v Vaillant,* 419 So.2d 624, 626 (Fla. 1982):

> Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.

Mindful of its responsibilities as delineated in *Vaillant,* the Court has carefully read and reread the entire record and the briefs of the parties, and has considered the arguments of counsel. Reluctantly, the Court concludes that it is unable to perform the review mandated by *Vaillant* because the Civil Service Board failed to comply with the requirements of law applicable to quasi-judicial proceedings such as that conducted by it in this matter.

As previously explained, the scope of this Court's review is clearly defined. It may not conduct its own evaluation of the evidence. Rather, it must review the actions of the Civil Service Board and decide whether due process of law was accorded, whether the essential requirements of law have been observed and whether the Board's findings of fact and conclusions of law are supported by substantial competent evidence. *Thomas v Office of Sheriff,* 507 So.2d 145 (Fla. 1st DCA 1987). It is unable to do so here because the Civil Service Board's "hearing" comported with virtually none of the legal requirements of a quasi-judicial proceeding. There was no "evidence," in the legal sense, presented at the hearing; nor was there any examination or cross-examination, under oath or otherwise, of any witnesses. Likewise, the Board made no findings of fact or conclusions of law, "detailed" or otherwise. All of these deficiencies render the Board's "decision" (to the extent it may be so labeled) defective. *See, Irvine v Duval County Planning Commission,* 466 So.2d 357, 362 (Fla. 1st DCA 1985) (Zehmer, J., dissenting), *approved* 495 So.2d 167 (Fla.), *adopted on remand,* 504 So.2d 1265 (Fla. 1st DCA 1986); *Thomas v Office of the Sheriff,* 507 So.2d 145 (Fla. 1st DCA 1987).

Accordingly, the Court has no alternative but to vacate and set aside the decision of the Civil Service Board and to remand the matter to the Civil Service Board with directions that it conduct a proper hearing which accords procedural due process of law and complies with the essential requirements of law; and that it then make and set forth detailed findings of fact and conclusions of law supporting its ultimate decision.

147

It is so ordered.

DONE, ORDERED and ADJUDGED at Jacksonville, Duval County, Florida, this 19th day of November, 1987.