752 So.2d 708 (2000)
JESUS FELLOWSHIP, INC., Petitioner,
v.
MIAMI-DADE COUNTY, Florida, Respondent.
No. 3D99-1073.
District Court of Appeal of Florida, Third District.
February 23, 2000.
Bilzin Sumberg Dunn Price & Axelrod and Michael W. Larkin and Jerry B. Proctor, Miami; Mathew D. Staver (Orlando) and Eric W. Stanley; DiBartolomeo & Di-Bartolomeo, Miami, for petitioner.
Robert A. Ginsberg, County Attorney, Augusto Maxwell, Assistant County Attorney; Kathryn Knieriem Estevez, Miami; Adorno & Zeder, Fort Lauderdale, and George F. Knox, Miami, for respondent.
Before JORGENSON, COPE, and FLETCHER, JJ.
FLETCHER, Judge.
Jesus Fellowship, Inc. [Church] petitions this court for a writ of certiorari asking that we vacate an order entered by the circuit court, acting in its appellate capacity, which order affirmed the decision of the Miami-Dade County Commission [Commission] denying a portion of the Church's zoning application. We grant the petition and quash the circuit court's decision.
The Church owns 12.2 acres in a residential area zoned for one-acre estate *709 homes.[1] In 1997, the Church filed a zoning application for special exceptions and an unusual use to permit the expansion of the Church's religious facilities and to permit a private school and a day care center. After reviewing the application the county's professional staff recommended denial of the requests. At the public hearing before the Zoning Appeals Board[2] [ZAB] the Church agreed to several changes which satisfied the professional staff, bringing about its recommendation of approval. Among the Church's concessions was a limitation to an enrollment of 524 students. The ZAB approved the application with the changes.
The ZAB decision was appealed to the Commission by a number of objectors. The county's professional staff continued to recommend approval with the ZAB-authorized 524 students. The Commission approved the Church's application generally but denied it in part, limiting the school to grades K-6 and 150 students. The Church petitioned the circuit court for a writ of certiorari alleging, inter alia, that the Commission's decision reducing the number of students and grades was not supported by substantial competent evidence. The circuit court upheld the Commission's partial denial.
This court's review of the circuit court's decision is limited to determining whether the circuit court afforded due process and correctly applied the correct law. Maturo v. City of Coral Gables, 619 So.2d 455 (Fla. 3d DCA 1993); see also Herrera v. City of Miami, 600 So.2d 561 (Fla. 3d DCA), review denied, 613 So.2d 2 (Fla. 1992). Our review of the record indicates that the circuit court missed its mark. It failed to correctly apply the correct law as its decision allows the use of incompetent evidence to support the Commission's decision and fails to apply the principles applicable to special exceptions and unusual uses.
An applicant seeking special exceptions and unusual uses need only demonstrate to the decision-making body that its proposal is consistent with the county's land use plan; that the uses are specifically authorized as special exceptions and unusual uses in the applicable zoning district; and that the requests meet with the applicable zoning code standards of review. If this is accomplished, then the application must be granted unless the opposition carries its burden, which is to demonstrate that the applicant's requests do not meet the standards and are in fact adverse to the public interest.[3]See Irvine v. Duval County Planning Comm., 495 So.2d 167 (Fla.1986); Metropolitan Dade County v. Fuller, 497 So.2d 1322 (Fla. 3d DCA 1986).
The basis for the circuit court's errors here was its conclusion that the simple fact that the Commission had before it the county zoning maps, the professional staff recommendations, aerial photographs, and testimony in objection was a sufficient basis for the Commission's denial. The mere presence in the record of these items is not, however, sufficient. They must be or contain relevant valid evidence which supports the Commission's decision.
In reaching its conclusion the circuit court relied on Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3d DCA 1995), review dismissed, 680 So.2d 421 (Fla.1996). Therein the zoning maps and testimony contained evidence of the surrounding densities in the area, in a case involving a rezoning, i.e., a change of residential density, and not, as here, special exceptions or unusual uses, which do not involve a district boundary change (rezoning). In Blumenthal the maps were *710 relevant evidence necessary for the Commission to view in order to compare the existing surrounding districts' densities to assure consistency therewith (either a like density or a consistent step upor downin density). In the Church's case the maps of the surrounding zoning districts are not evidence which support the Commission's decision. The only zoning district inquiry here was whether the subject property is in a zoning district which permits the requested uses. This was not an issue as the land use plan and the zoning district permit the Church's request for the special exceptions and unusual use.
Further, the circuit court concluded that the professional staffs report was evidence supporting the Commission's denial. This clearly is not the case as the staffs report to the Commission was for approval, the staff unequivocally stating that all of the applicable standards were met by the requests. This is not evidence supporting the denial.
Additionally, the testimony offered by the objectors does not qualify as supportive evidence (or evidence at all in most cases) as a thorough review of the objectors' case demonstrates:
The first witness, an engineer, complained that there would be more traffic on the neighborhood streets,[4] but quickly announced that he was not testifying as an expert. Where technical expertise is required lay opinion testimony is not valid evidence upon which a special exception determination can be based in whole or in part. See Pollard v. Palm Beach County, 560 So.2d 1358 (Fla. 4th DCA 1990); City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974).
The objectors' second witness testified that he wished to preserve the residential character of his neighborhood and was concerned about the loss of what he described as "green space." However, churches and schools are part of the residential neighborhood character per the land use plan and the applicable zoning. As to his concerns regarding green space, the Church did not seek a variance thereof. The amount of green space to be provided meets the county's code standard. The testimony of this witness does not support the denial. Irvine, 495 So.2d 167; Fuller, 497 So.2d 1322.
The third objecting witness submitted numerous letters of protest and complained of past violations on the property. The letters are not evidence. City of Apopka, 299 So.2d 657. Past violations are not a basis to deny a present pending application that meets the code standards.[5]
The next witness called by the objectors was the Church's reverend. The transcript[6] reveals an examination that meandered through the operation of the Church; how the expansion is to be financed; and the make-up of the congregation. This line of questioning prompted Commission members to inquire as to its relevancy to land use issues. The answer to their inquiry, of course, is that it does not bear on the special exception/unusual use standards, thus is not relevant. Irvine, 495 So.2d 167; Fuller, 497 So.2d 1322.
The objectors' final witness was Guillermo Olmedillo, the director of planning. Olmedillo's testimony reveals only that it fortified his written opinion that the Church's application met all code standards.[7]
Nowhere in the hearing record does there appear any evidence relating to the restriction to grades K-6 and to 150 students. After the evidentiary hearing closed, the restriction appeared, without a *711 warning of its impending arrival, as a "suggestion" by the objectors' attorney. T.150. It was promptly pounced upon by the Commission, put into the form of the denial motion, and passed.
In summary, the Church presented sufficient evidence to carry its burden; the objectors presented only testimony and documents that support the Church's application or which the courts have held not to be evidence. When the circuit court decided there was evidence (substantial, competent) to support the Commission's denial of the application, it failed to apply the correct law as to the granting or denial of special exceptions and unusual uses, and failed to apply the correct law as to what constitutes competent evidence in such cases. As a result we quash the circuit court's order and remand the case with instructions to the circuit court to direct the Commission to remove the limitation to K-6 and 150 students and to grant the application with grades K-12 and 524 students.[8]
NOTES
[1] Churches and schools are permitted uses in residential areas under the county's land use plan. See Machado v. Musgrove, 519 So.2d 629 (Fla. 3d DCA 1987), cert. denied, 529 So.2d 693 (Fla.1988).
[2] As it was then constituted.
[3] Of course, if the opposition demonstrates that a request is inconsistent with the zoning authority's land use plan, then denial is in order. Such is not the case here as we observed in footnote 1.
[4] However, the only ingress and egress proposed for the site is 87th Avenue, not a "neighborhood" street; rather it is a state minor arterial road.
[5] It does, however, show lax enforcement by the county in the past.
[6] Twenty-six (26) pages of transcript.
[7] For example:

"Q. So therefore is it not fair to say that the application pursuant to ascertainable standards is compatible and completely consistent with the standards delineated in the Dade County Zoning Code?
A. It is consistent with the Dade County Zoning Code, yes."
T.68.
[8] We do not reach the other issues and express no opinion one way or another on them.