RAMIREZ, C.J.
This is a Petition for a Writ of Certiorari seeking to quash the opinion of the Appellate Division of the Eleventh Judicial Circuit Court in and for Miami-Dade County, dated November 18, 2008. Because the circuit court failed to apply the law of the case, we grant the Petition and quash the decision below.
On July 14, 2006, the circuit court, sitting in its appellate capacity, reversed and remanded the October 31, 2005 decision of the City of Miami Commission. The City had reversed the Miami Zoning Board’s decision granting a Class II Special Permit to the petitioner for a proposed project to be constructed at 5101 Biscayne Boulevard. The circuit court held that the City Commission had failed to follow the essential requirements of law with respect to its reversal of the Zoning Board decision in two ways: (1) it had exceeded its appellate review jurisdiction by considering new evidence at the appeal hearing held before it; and (2) it had failed to provide findings of fact in support of its decision to reverse the Zoning Board. The Morningside Civic Association filed a Petition for Writ of Certiorari which this Court denied. See Morningside Civic Ass’n, Inc. v. Dougherty, 944 So.2d 370 (Fla. 3d DCA 2006). The matter was remanded for the City Commission, sitting as an appellate body, to conduct a “limited to review of the record received from the Zoning Board,” and to render findings of fact in support of its appellate decision.
Upon remand, the City Commission held a de novo proceeding and applied substantive provisions of the Miami Zoning Ordinance that were not in effect at the time of this permit application. While the City Commission denied the Association’s appeal and granted the permit, it made its approval subject to the petitioner agreeing to reduce the height of the Project from the previously approved 87 feet to 35 feet.
A “first tier” certiorari petition followed in the circuit court, seeking to quash the City Commission’s decision and the removal of the height restriction placed upon the permit approval. The circuit court denied that Petition for Writ of Certiorari on November 13, 2008, relying specifically on Holladay v. City of Coral Gables, 382 So.2d 92 (Fla. 3d DCA 1980), and holding that the City Commission, on remand, was permitted to conduct a de novo review and change the permit because it had amended ordinances during the pendency of the first appeal. This “second tier” petition follows.
Our review on second-tier certio-rari examines whether the circuit court (1) applied the correct law and (2) afforded procedural due process. Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003) (citing City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982)). This review includes determining whether the circuit court correctly applied the law to the facts of the case. Our decision is based on narrow legal grounds — the law of the case. The doctrine of law of the case mandates that “questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.” See State v. McBride, 848 So.2d 287, 289 (Fla.2003) (quoting Fla. Dep’t of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001)); U.S. Concrete Pipe Co. v. Bould, 437 So.2d *158 1061 (Fla.1983); R & B Holding Co., Inc. v. Christopher Adver. Group, Inc., 994 So.2d 329, 331 (Fla. 3d DCA 2008); Thornton v. State, 963 So.2d 804 (Fla. 3d DCA 2007). There is no doubt that the 2006 circuit court appellate decision actually decided that the City Commission had to limit its review to the record received from the Zoning Board and that it was required to render findings of fact in support of its decision. The only exception to this doctrine is found in Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965), in that an appellate court has the power to reconsider and correct an erroneous ruling that has become the law of the case where a prior ruling would result in a “manifest injustice.” Id. at 5. The respondents have not argued manifest injustice. Thus, the City Commission was bound by the law of the case to comply with the prior mandate of the circuit court in its 2006 opinion, and the 2008 appellate decision failed to apply the correct law when it failed to enforce its prior decision.
For these reasons, we grant certiorari and quash the November 13, 2008 decision of the appellate division of the circuit court, with directions to enforce its prior 2006 opinion and mandate.