RAMIREZ, J.
This dispute involves the permitting process for a building in the Morningside area of the City of Miami. This is the third appeal of this case. Petitioner seeks cer-tiorari to the Circuit Court for Miami Dade County, which ruled in its appellate capacity upon a decision from the City of Miami Commission. Dougherty contends *965 the Circuit Court departed from the essential requirements of law when it affirmed the City Commission’s changes to a permit application already approved by the appropriate agency within the City. We agree, and consequently, grant the petition.
Dougherty sought a special permit to construct a residential building planned as a 135-foot, 14-floor, 98-unit residential building. In 2003, the Zoning Plans Examiner signed the Permit Referral after finding the project was in compliance with all applicable zoning regulations. Dough-erty then filed the application with the City of Miami Planning and Zoning Department.
In the next step of the process, the City’s Design Review Committee made recommendations directed toward control of potentially adverse impacts the proposed structure would have on the surrounding neighborhood. As a result, the proposed building was reduced in scale, to 90 feet in height, eight floors, and 63 units. The City’s Urban Development Review Board unanimously recommended approval with those conditions. The Planning and Zoning Board (“Zoning Board”), reviewed the Urban Development Review Board’s recommendations, and found the modified project satisfied the applicable requirements and approved the permit application. The Planning and Zoning Director accepted the Zoning Board’s recommendation.
After the Planning and Zoning Director’s approval was issued, Morningside Civic Association and the other citizen respondents (collectively, “Morningside”), appealed to the Zoning Board. The Zoning Board denied the appeal. Morningside appealed to the City Commission, which, after a de novo hearing, reversed the Zoning Board. Dougherty appealed to the Circuit Court, which determined the City Commission improperly exceeded its appellate jurisdiction by considering new evidence and not including necessary findings of fact. Morningside failed in its appeal of that decision to this Court.
On remand from the first appeal, the City Commission conducted a de novo hearing, and approved the permit but required a further height reduction to 35 feet from the previously approved height. Dougherty appealed again, and the Circuit Court affirmed the City Commission. Dougherty sought certiorari from this Court, which granted the petition. Dougherty v. City of Miami, 23 So.3d 156 (Fla. 3d DCA 2009). The Circuit Court determined the City’s legislation permitted City Commission review of the record from the Zoning Board, not a de novo review of the permit application’s merits. After appeal to this Court, the Circuit Court’s determination became binding as the law of the case. See Dougherty, 23 So.3d at 157.
On remand from the second appeal, the City Commission conducted a de novo review and again imposed the 35-foot height limitation. Dougherty appealed to the Circuit Court, which denied relief in a PCA opinion. Dougherty now seeks cer-tiorari.
When we address a petition for second-tier certiorari, we determine whether the circuit court afforded the parties due process and adhered to the essential requirements of law. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010). Our role requires “assessment of the gravity of the error and the adequacy of other relief.” Id. (quoting Haines City Comm. Dev. Co. v. Heggs, 658 So.2d 523, 531 (Fla.1995)). “The writ functions as a safety net and gives the upper court the prerogative to reach down and halt a miscarriage of justice where no other remedy exists.” Broward County, v. G.B.V. Int’l Ltd., 787 So.2d 838, 842 (Fla. *966 2001). The lower court’s application of the wrong standard of review can be corrected through certiorari. Id. at 845.
The law from which we measure the departure in this case was established in an earlier appeal. “Under the law of the case doctrine, questions of law that actually have been decided on appeal must govern the case in the same court and in the trial court through all subsequent stages of the proceedings.” State, Dep’t of Revenue v. Bridger, 935 So.2d 536, 538 (Fla. 3d DCA 2006). The lower court’s failure to follow the law of the case warrants certiorari because such failure exceeds the court’s role in the appellate process. See Bridger, 935 So.2d at 539; see also Parker Family Trust I v. City of Jacksonville, 804 So.2d 493, 498 (Fla. 1st DCA 2001); accord Dougherty, 23 So.3d at 158.
In this case, the circuit court erred when it affirmed the City Commission. The law of the case required the City Commission to conduct a limited appellate review of the Zoning Board, not a de novo review. The applicable standard of review was a question of law actually decided in the earlier appeal. Despite this, the City Commission record shows that it either: a) considered additional evidence, rather than relying upon the evidence already in the record when evaluating if the permit could survive; or b) rejected the evidence upon which the Zoning Board relied, without any basis. Either process amounts to de novo review. The City Commission endeavored to rehear the evidence and objections, rather than review whether the Zoning Board correctly affirmed the Department of Planning and Zoning Director’s determination to grant the permit. This process was contrary to the law of the case. The City Commission’s de novo review deprived Dougherty of the previously successful application without any legal basis and allowed the respondents an additional bite at the apple not contemplated under either the City’s Code or the appellate pronouncements in this case.
As the Florida Supreme Court has stated, our certiorari jurisdiction in these types of cases is limited. G.B.V. Int’l, Ltd., 787 So.2d at 845 (“Once the district court granted certiorari and quashed the circuit court order-i.e., once the court halted the miscarriage of justice-the district court’s job was ended.”). Thus, because we can only affect the Circuit Court’s, and not the City Commission’s, decision, we grant the petition for writ of certiorari, and quash the Circuit Court’s PCA decision. We note, however, that allowing the special exception granted by the Zoning Board, after it performed its delegated duty under the City’s Code, to again be rescinded would be unfair. See, e.g., Jesus Fellowship, Inc. v. Miami-Dade County, 752 So.2d 708, 710 (Fla. 3d DCA 2000). If we were able to direct the City Commission to affirm the Zoning Board’s determination, the result which would have occurred but for the City Commission’s erroneous de novo review almost eight years ago, we would do so.
Petition granted; decision quashed.