WELLS, C.J.,
specially concurring.
For the same reasons stated in my special concurrence in Dougherty v. City of Miami, 23 So.3d 156, 163 (Fla. 3d DCA 2009), I agree that the most recent decision from the Appellate Division of the Circuit Court must be quashed:
[WJhile I cannot agree with the reasons set forth by the appellate division in its July 2006 opinion for reversing the City commission’s decision to deny the instant permit, I nonetheless agree with the majority herein that by virtue of that opinion and this court’s refusal to *967 review it, the Commission was obligated on remand to: (1) limit its review to the record before the ZAB; and (2) state its reasons for any determination that it made. It would also appear that by virtue of the appellate division’s reliance on the zoning code prior to its January 2004 amendment, this is the version of the code to be applied below.
The City Commission’s August 3, 2010 Resolution, on its face, confirms that under the previously mandated “limited review,” Doughtery is entitled as a matter of law to its Class II permit without the modifications imposed in the August 3 Resolution. The Appellate Division’s decision to affirm denial of this permit must, therefore, be quashed with instructions on remand to reverse the August 3 Resolution and remand to the City Commission for further legislative action consistent with the statements made herein.