SCHWARTZ, Senior Judge
(concurring).
Although I had (and have) some misgivings about the posture in which this case presents itself, Chief Judge Wells’ opinion has convinced me that, as often happens, any departure from the procedural niceties which may have occurred makes no difference. As her opinion demonstrates, on the basis of what was presented to the Commission, it had no option under the law but to grant the special exception in full. See Irvine v. Duval Cnty. Planning Comm’n, 495 So.2d 167, 167 (Fla.1986) (“[W]e agree with Judge Zehmer (dissenting) that once the petitioner met the initial burden of showing that his application met the statutory criteria for granting such exceptions, ‘the burden was upon the Planning Commission to demonstrate, by competent substantial evidence presented at the hearing and made a part of the record, that the [special] exception requested by petitioner did not meet such standards and was, in fact, adverse to the public interest.’ ”); Jesus Fellowship, Inc. v. Miami-Dade Cnty., 752 So.2d 708, 709 (Fla. 3d DCA 2000); Metro. Dade Cnty. v. Fuller, 497 So.2d 1322 (Fla. 3d DCA 1986).
In essence, therefore, everything in the circuitous legal journey which followed was an exercise in superfluousness and futility. Since the effect of the order now under review, however fashioned, was to require what was required from the beginning, I concur in denying the petition.