698 So.2d 281 (1997)
METROPOLITAN DADE COUNTY and Peter Loblack, Barbara Watson and Annie Jordan, Petitioners,
v.
SPORTACRES DEVELOPMENT GROUP, INC., a Florida Corporation, Respondent.
Nos. 97-641, 97-577.
District Court of Appeal of Florida, Third District.
July 2, 1997.
Rehearing Denied September 10, 1997.
Robert A. Ginsburg and John McInnis, Miami; Shubin & Bass and John Shubin, Miami, for petitioners.
Bercow & Radell and Jeffrey Bercow, Miami, for respondent.
Before NESBITT, GREEN and SORONDO, JJ.
SORONDO, Judge.
Metropolitan Dade County (MDC) and Barbara Watson, Annie Jordan, and Peter Loblack (collectively, the neighbors) petition this Court for a writ of certiorari to the Eleventh Judicial Circuit Court for Dade County, to quash a Circuit Court decision by denial of a motion for rehearing in the Circuit Court's Appellate Division. The decision is a final order of the Circuit Court sitting in its appellate capacity.
*282 The subject property, owned by Sportacres Development Group, Inc. (Sportacres), is a 107-acre abandoned golf course in unincorporated Dade County in an RU-1 (single family) zoning district. The subject property is bounded on 2 sides by property zoned and developed with multifamily attached residential development and on 2 sides by property zoned and developed with single family detached residential development. Immediately north of the single family residential area north of Sportacres' property is a large area zoned PAD, Planned Area Development, being developed for apartment complexes.
Sportacres filed a zoning application seeking an unusual use variance to permit the excavation of an 18-acre lake and a non-use variance of lot area and frontage requirements in connection with a proposed 372-unit housing development located at N.W. 207th Street and N.W. 15th Avenue. Regarding the non-use variance request, Sportacres sought to develop the proposed subdivision with lots varying in frontage from 50 feet to 74.99 feet in an area where a minimum lot frontage of 75 feet is required, and lots on cul-de-sacs with a minimum frontage of 33 feet where 50 feet is required and with a minimum lot area of 4,500 square feet where 7,500 square feet are required.
Sportacres' application was first heard by the Dade County Zoning Appeals Board, which approved the application with 39 conditions. The neighbors, who live in close proximity to the proposed subdivision and who testified in opposition to the requests, then appealed this decision to the County Commission.
The neighbors appeared before the County Commission and testified that with the inclusion of the 18-acre lake and the accompanying non-use variances, the resulting home lots would not be of standard size (7,500 square feet) and would, therefore, be incompatible with the surrounding neighborhood. They were also concerned about the lake as a health hazard and the effect of the substandard lots on their property values. In response, Sportacres contended that the neighbors' testimony was not competent. Further, the record reflects that Sportacres' property is not subject to a restrictive covenant limiting lot sizes to a minimum of 7,500 square feet.
The County Commission heard this conflicting testimony during 2 public hearings and resolved it in favor of the neighbors. The Commission denied Sportacres' requests and reversed the Zoning Appeals Board through Zoning Resolution Z-165-95.
Sportacres appealed to the Circuit Court's Appellate Division, and the neighbors were permitted to intervene. The Circuit Court reversed the County Commission's decision and reinstated the decision of the Zoning Appeals Board, finding that the Commission based its decision on unsubstantiated lay opinion testimony rather than the other competent substantial evidence in the record. Rehearing was denied, and MDC and the neighbors filed this certiorari action.
Having reviewed the proceedings below, we hold that the County Commission had access to a record which contained maps, reports and other information which, in conjunction with the testimony of the neighbors, if believed by the Commission, constituted competent substantial evidence. Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3d DCA 1995). Accordingly, we conclude that the decision of the Circuit Court was a departure from the essential requirements of law. We grant the Petition for Certiorari, quash the decision of the Circuit Court and reinstate the decision of the County Commission.