719 So.2d 1204 (1998)
METROPOLITAN DADE COUNTY a/k/a Miami-Dade County, Petitioner,
v.
SECTION 11 PROPERTY CORPORATION and Waycar Commercial Properties, Inc., Respondents.
No. 98-761.
District Court of Appeal of Florida, Third District.
August 12, 1998.
Rehearing Denied November 18, 1998.
Robert A. Ginsburg, County Attorney, and Jay W. Williams, Assistant County Attorney, for petitioner.
Bilzin Sumberg Dunn Price & Axelrod, Stanley Price, Eileen Ball Mehta and Michael W. Larkin, Miami, for respondents.
Before COPE, GODERICH and SORONDO, JJ.
GODERICH, Judge.
The petitioner, Metropolitan Dade County, seeks a writ of certiorari to the circuit court, appellate division, quashing the circuit court's opinion. We grant the petition.
In the underlying case, Section 11 Property Corporation and Waycar Commercial Properties, Inc., the owners of a three-acre parcel of property currently zoned BU-1A (limited business district), petitioned the Metropolitan Dade County Commission for a special exception that would permit the land to be developed as a mini self-storage facility.[1]
At the hearing, the applicants presented a site plan, elevation drawings, and an aerial photograph. The proposed development, located in a mostly residential area, included six single-story storage buildings and a large two-story storage building connected to a small two-story office building. Four of the seven long, rectangular buildings, including the two-story storage building, were each longer than a football field. Except for the small office building, each of the buildings was windowless with access to the storage bays through garage-style overhead metal doors.
At the hearing, the County's Planning and Zoning Divisions recommended approval of the application for the special exception stating that the self-storage facility, with a landscape buffer, would be compatible with the surrounding areas and would be consistent with the County's Comprehensive Development Master Plan. The County's Zoning Division opined that the proposed use would generate substantially less traffic volume than other permitted uses. On the other *1205 hand, neighbors vehemently opposed the proposed use. Neighbors stated that there was no need for such a facility, and that such a facility would increase traffic and noise, decrease property values, and be industrial-looking and not aesthetically pleasing. After considering all the evidence, the County Commission passed a resolution denying the application for a special exception finding that "the requested special exception would not be compatible with the area and its development and would not conform with the requirement and intent of the Zoning Procedure Ordinance, and that the requested exception would have an adverse impact upon the public interest...."
The applicants appealed this denial to the circuit court sitting in its appellate capacity. In its opinion, the circuit court properly explained that a special exception is a permitted use to which the applicant is entitled unless the zoning authorities determine that the use would adversely affect the public interest and that once the applicant demonstrates compliance with the applicable legislative criteria, there is a presumption that the use applied for is permitted and the burden shifts to those who oppose the exception to demonstrate by substantial competent evidence that the proposed use is adverse to the public interest. The circuit court then noted that in this case the County had conceded that the applicants had met the legislative criteria and that the sole issue before it was to determine whether the County Commission's finding of incompatibility was supported by substantial competent evidence. The circuit court then reviewed the evidence presented at the hearing and determined that the only opposition testimony heard was that of the neighbors who stated that there was no need for such a facility, and that such a facility would increase traffic and noise, decrease property values, and be industrial-looking and not aesthetically pleasing. The circuit court then noted that although fact-based citizen testimony can constitute substantial competent evidence, in this case, the citizen testimony was merely opinion. On this basis, the circuit court found that the County Commission's finding of incompatibility was not supported by substantial competent evidence and reversed the County Commission's denial of the special exception.
The County now petitions this Court for a writ of certiorari to the circuit court quashing the circuit court's order. The County contends that the circuit court departed from the essential requirements of law by reversing the County Commission's denial of the requested special exception where the Commission's denial was supported by substantial competent evidence. We agree.
In the instant case, when the Commission examined the issue of compatibility, it properly considered aesthetics, as well as use. Encuentros Familares, Inc. v. Musgrove, 511 So.2d 645, 648 (Fla. 3d DCA 1987); City of St. Petersburg v. Cardinal Indus. Dev. Corp., 493 So.2d 535, 537-38 (Fla. 2d DCA 1986). The Commission received the testimony of several neighbors who characterized the project as "industrial" and who stated that the project would be incompatible with the surrounding residential neighborhood. Specifically, one neighbor stated that the self-storage facility would be "an eyesore." He commented that any proposed landscaping to try to enhance the appearance of the self-storage facility would not be effective and stated, "it's almost like trying to put an elephant in a Volkswagon, you still know the elephant is there." This fact-based testimony regarding the aesthetic incompatibility of the project with the surrounding neighborhood, coupled with the site plan, elevation drawings, and the aerial photograph constituted substantial competent evidence supporting the denial of the exception. Metropolitan Dade County v. Sportacres Dev. Group, Inc., 698 So.2d 281, 282 (Fla. 3d DCA 1997); Metropolitan Dade County v. Blumenthal, 675 So.2d 598, 607 (Fla. 3d DCA), review dismissed, 680 So.2d 421 (Fla.1996). Where, as here, the County Commission's denial of the special exception was supported by substantial competent evidence, we find that the circuit court departed from the essential requirements of the law.
We grant the petition for writ of certiorari, quash the order of the circuit court, and reinstate the County Commission's resolution *1206 denying the application for the special exception.
NOTES
[1] A self-storage facility is a permitted use in the BU-1A zone if approved as a special exception by a public hearing.