739 So.2d 115 (1999)
MIAMI-DADE COUNTY, Petitioner,
v.
Bernice WALBERG, et al., Respondents.
No. 99-840.
District Court of Appeal of Florida, Third District.
June 30, 1999.
Rehearing Denied September 8, 1999.
Robert A. Ginsburg, Miami-Dade County Attorney, and August Maxwell, Assistant County Attorney, for petitioner.
Greenberg Traurig, P.A., and Alan T. Dimond and Elliot H. Scherker, Miami, for respondents.
*116 Before NESBITT, JORGENSON, and LEVY, JJ.
JORGENSON, Judge.
The County seeks certiorari review of a zoning decision from the Circuit Court of Miami-Dade County, Appellate Division. The decision was split, with Judge Siegel dissenting. For the reasons that follow, we grant the petition and quash the order under review.
This court's scope of review is very narrow: "[T]he district court, upon review of the circuit court's judgment ... determines whether the circuit court afforded procedural due process and applied the correct law." Metropolitan Dade County v. Blumenthal, 675 So.2d 598, 601 (Fla. 3d DCA 1995), quoting City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982). See also, Haines City Community Dev. v. Heggs, 658 So.2d 523, 529 n. 10 (Fla.1995) ("the extraordinary writ [certiorari review] is reserved for those situations where `there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.'"). We adopt the dissent of Judge Siegel and publish it as the opinion of this court. * * *
Siegel, J., dissenting.
Appellants Bernice and Nathan Walberg ("property owners") challenge a resolution of the Board of County Commissioners which denied a change in zoning of the Walbergs' eight acre lot. The Walbergs' request was to rezone their property from EU-2 (Single Family Five Acre Estate District) to EU-1 (Single Family One Acre Estate District). The property directly adjacent to the north and south of the Walberg property is zoned EU-2. Further south of the property is the Burger King Headquarters which is zoned as GU. To the east of the property is Biscayne National Park. To the west of the property is Old Cutler Road, a main thoroughfare. On the west side of Old Cutler Road is property zoned as EU-1.
The Zoning and Planning Departments approved the rezoning application because it complied with the Comprehensive Development and Master Plan which permits a density of up to 2½ units per acre. The National Park Service initially approved the application but subsequently withdrew support when it realized that current zoning in the immediate area was EU-2. The agency's position was changed to a statement of "no objection to approval," but that it was [sic] "not actively advocating the further development of the property." Exhibit B-2, letter dated December 13, 1996.
At the Commission hearing, the applicants' position was that the rezoning request was consistent with zoning already approved in the area (on the west side of Old Cutler Road) and was further consistent with the Master Plan. The Commission heard testimony from the neighbors to the Walberg property who objected to the rezoning. The objectors also presented petitions and a site map designating the current zoning within the area. An expert who was a registered professional engineer, general contractor and environmental consultant in Miami-Dade County testified on behalf of the adjacent neighbors regarding new elevation requirements which would make houses built on the property visible from Biscayne Bay and would make the residences much higher than those surrounding this eight acre parcel. The Commission denied the application for rezoning and found that such a change was incompatible with the neighborhood and area concerned and would be in conflict with the principles and intent of the plan for the development of Miami-Dade County. The Walbergs challenge this denial arguing that the petition conforms to the Master Plan and therefore the Commission exceeded its quasi-judicial powers in its denial.
The applicable standard of review for an appeal from an administrative agency is that the court must ascertain whether the agency supported its findings with substantial *117 competent evidence. The court is not entitled to reweigh the evidence or substitute its judgment for that of the agency. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
The Florida Supreme Court, in the Snyder decision, succinctly stated the burden that must be met by a property owner and the agency when a request is made to rezone property. The Court held as follows:
[A] landowner seeking to rezone property has the burden of proving that the proposal is consistent with the comprehensive plan and complies with all procedural requirements of the zoning ordinance. At this point, the burden shifts to the governmental board to demonstrate that maintaining the existing zoning classification with respect to the property accomplishes a legitimate public purpose. In effect, the landowners' traditional remedies will be subsumed within this rule, and the board will now have the burden of showing that the refusal to rezone the property is not arbitrary, discriminatory, or unreasonable. If the board carries its burden, the application should be denied.
Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469, 476 (Fla. 1993). Although a zoning change may be consistent with the comprehensive plan, the landowner is not presumptively entitled to such use. Additionally, a property owner is not entitled to relief by proving consistency alone when the board action is also consistent with the comprehensive zoning plan. "Where any of several zoning classifications is consistent with the plan, the applicant seeking a change from one to the other is not entitled to judicial relief absent proof the status quo is no longer reasonable." Snyder, at 475.
As the Snyder court found:
[T]he comprehensive plan is intended to provide for the future use of land, which contemplates a gradual and ordered growth....
[A] comprehensive plan only establishes a long-range maximum limit on the possible intensity of land use; a plan does not simultaneously establish an immediate minimum limit on the possible intensity of land use. The present use of land may, by zoning ordinance, continue to be more limited than the future use contemplated by the comprehensive plan.
Snyder, at 475, citing City of Jacksonville Beach v. Grubbs, 461 So.2d 160, 163 (Fla. 1st DCA 1984).
Appellants further allege that the testimony in opposition to their rezoning application could not be considered to be substantial competent evidence. In a case very similar to the present matter, the Third District found that "under the correct legal standard, citizen testimony in a zoning matter is perfectly permissible and constitutes substantial competent evidence, so long as it is fact-based." Metropolitan Dade County v. Blumenthal, 675 So.2d 598, 607 (Fla. 3d DCA 1995), rev. dismissed, 680 So.2d 421 (Fla.1996). Mere generalized statements of opposition are to be disregarded, but fact-based testimony is not.
In addition to neighbor testimony, the Commission heard testimony of an expert discussing how the zoning change would affect the esthetics of the area. Also presented to the Commission was a site map of the surrounding area showing EU-2 zoning both north and south of the Walberg parcel. A change of the Walberg land to higher density EU-1 zoning would make its zoning facially incompatible with its surroundings. The Blumenthal court found that a site map alone may be considered substantial competent evidence. Additionally, in a later case which followed Blumenthal, the Third District found that when the Commission had access to a record which contained maps, reports, and other information which, in conjunction with the testimony of the neighbors, if believed by the Commission, this evidence would constitute competent substantial evidence. *118 Metropolitan Dade County v. Sportacres Dev. Group, 698 So.2d 281, 282 (Fla. 3d DCA 1997). See also, Metropolitan Dade County v. Dusseau, 725 So.2d 1169 (Fla. 3d DCA 1998).
No one disputes the fact that the closest approved density to the Walberg property was one single family residence on a five acre lot (EU-2). Citizen testimony urged the Commission to use that density as the relevant benchmark, and to adhere to that density level for the Walberg property. As in Blumenthal, the Commission took the position that this applicant's project should not exceed the same density allowed to the nearest neighbor. Like the decision of the Commission in Blumenthal, "[t]hat is a simple and unassailable determination by the County Commission for which there is ample substantial competent evidence." Blumenthal, at 609. "The point is that when the facts are such as to give the County Commissioners a choice between alternatives, it is up to the County Commission to make that choicenot the circuit court." Id. at 606. Appellants failed to show that the status quo was unreasonable.
Because the Commission's denial of the rezoning was based upon substantial competent evidence, its decision should be affirmed.
* * *
In sum, we agree with the County that the Miami-Dade Circuit Court, Appellate Division, applied the wrong standard of burden of proof and the wrong standard of review to the Commission's decision. We grant the County's Petition for Writ of Certiorari, quash the order under review, and remand with directions to affirm the Commission's decision.