750 So.2d 738 (2000)
MIAMI-DADE COUNTY, Petitioner,
v.
NEW LIFE APOSTOLIC CHURCH OF JESUS CHRIST, INC., Respondent.
No. 3D99-1626.
District Court of Appeal of Florida, Third District.
February 2, 2000.
Robert A. Ginsburg, Miami-Dade County Attorney, and Augusto E. Maxwell, Assistant County Attorney, for petitioner.
Ronald H. Kauffman, Miami, for respondent.
Before GREEN, SHEVIN and SORONDO, JJ.
SORONDO, J.
Miami-Dade County (the County) seeks a writ of certiorari quashing the circuit court's order quashing the Miami-Dade Board of County Commissioners' (the Commission) denial of a zoning application.
The New Life Apostolic Church of Jesus Christ, Inc. (the Church) applied to the County for six variances of the zoning code to establish a church sanctuary and day care center on a one acre lot, instead of the required two and a half acre lot. Because of the greater acreage required by law, the County initially deferred the Church's application so the Church could explore purchasing or leasing of contiguous property. The Church's efforts to acquire the additional land proved futile.
The County's professional departments recommended approval of the Church's application and the Zoning Appeals Board held a public hearing and approved the application. Local neighbors appealed the decision to the Commission which held another hearing. At the hearing the neighbors objected to the variances on three grounds: 1) the set back variances were extreme and would have an adverse noise impact on the neighboring properties; 2) allowing the variances would continue a poor precedent of allowing churches to use small lots which the Commission had started to correct earlier with similar applications; 3) the zoning map indicated that the variances would add to the extreme proliferation of church uses in the area.[1] The *739 neighbors further established that the last church established in the area had abandoned its efforts to obtain a variance from the 2.5 acre requirement because of the community's opposition, and instead purchased a contiguous lot.
After considerable debate, the Commission approved the appeal and denied the Church's application. The Church petitioned the circuit court for a writ of certiorari which the circuit court granted, quashing the Commission's ruling.
We conclude that the circuit court's opinion is in conflict with the established precedent of this court. See Miami-Dade County v. Walberg, 739 So.2d 115 (Fla. 3d DCA 1999); Miami-Dade County v. Hernandez, 738 So.2d 407 (Fla. 3d DCA 1999); Metropolitan Dade County, Bd. of County Comm'rs v. Dusseau, 725 So.2d 1169 (Fla. 3d DCA 1998); Metropolitan Dade County v. Section 11 Property Corp., 719 So.2d 1204 (Fla. 3d DCA 1998), review denied, 735 So.2d 1287 (Fla.1999); Metropolitan Dade County v. Sportacres Dev. Group, Inc., 698 So.2d 281 (Fla. 3d DCA 1997); Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3d DCA 1995). The testimony presented by the neighbors along with the other zoning materials before the Commission constituted competent substantial evidence to justify the Commission's decision to deny the variance request.
Section 33-311(4)(b) of the Miami-Dade County Code requires the following consideration before the granting of the non-use variances at issue in this case:
[T]he Board ... may grant a non-use variance upon a showing by the applicant that the non-use variance maintains the basic intent and purpose of the zoning... regulations, which is to protect the general welfare of the public, particularly as it affects the stability and appearance of the community and provided that the non-use variance will be otherwise compatible with the surrounding land uses and would not be detrimental to the community.
The circuit court's opinion observes that the area in question allows for the establishment of a church/day care center. The opinion goes on to say that "any general testimony against the establishment of such facility would not be competent evidence, as it must be deemed immaterial." The opinion ignores the fact that the establishment of such a facility requires a 2.5 acre lot which is not available at this location. Accordingly, the neighbors' testimony in this regard was factual, relevant and material. Indeed, not one but six variances are needed in order to shoehorn a church/day care center onto this property. The magnitude of this request compelled the Commission to consider the compatibility of the request on the surrounding land uses and whether it was detrimental to the community. The Commission properly allowed the neighbors to be heard on these issues and lawfully exercised its discretion in accepting their perspective.
We conclude that the circuit court's decision was a departure from the essential requirements of law and grant the County's petition, quash the decision of the circuit court and reinstate the decision of the Miami-Dade Board of County Commissioners.
Certiorari granted.
SHEVIN, J., concurs.
GREEN, J. (dissenting).
The sole issue for review in this case is whether the circuit court, acting in its appellate capacity, departed from the essential requirements of law when it quashed the Miami-Dade Board of County Commissioners' ("the Commission") denial of New Life Apostolic Church of Jesus Christ, Inc.'s ("the Church") application for non-use variances.[2] To that end, "[t]he *740 circuit court's scope of review of the Commissioners' decision is restricted to ascertaining whether there is substantial competent evidence to support the decision made by the County Commission." Miami-Dade County v. Hernandez, 738 So.2d 407 (Fla. 3d DCA 1999). Because I believe that the testimony presented by the neighbors and their purported "expert" did not constitute competent substantial evidence, and because the County has readily conceded on this appeal that the sole reason for the denial of the Church's application for non-use variances was because of its tax-exempt status, I respectfully dissent.
As the majority acknowledges, an applicant for a non-use variance does not have to address the desirability of the proposed use because that use is expressly permitted by law. Rather, the applicant merely has to demonstrate that the requested non-use variance maintains the basic intent and purpose of the zoning regulations and that the non-use variance would be compatible with the surrounding land uses, and not be detrimental to the community. See Miami-Dade County Code § 33-311(4)(b).
Here, the Church demonstrated its compliance with the Comprehensive Development Master Plan and the County's zoning ordinances. In fact, the County's professional staff recommended approval of the non-use variances based upon the aerial photographs, traffic studies and physical inspections. Indeed, the County's professional staff noted that the Church's application for non-use variances met all of the criteria required by the Comprehensive Development Master Plan; would not have an adverse impact upon the level of service for the public roadways; and also found that a larger facility or alternative use would actually be detrimental to the community. These recommendations constitute substantial competent evidence. See Dade County v. United Resources, Inc., 374 So.2d 1046 (Fla. 3d DCA 1979).
The majority and the Commission rely on the testimony of the neighbors as the basis for denying the Church's non-use variance application and granting the County's petition for certiorari, respectively. One neighbor, a purported expert, testified that permitting the non-use variances would exacerbate the noise impact on the surrounding properties. That a church and day-care center would create more noise than the single family home for which the Church's property was previously used is self-evident. This testimony, therefore, did not constitute substantial competent evidence. See, e.g., Debes v. City of Key West, 690 So.2d 700, 701-702 (Fla. 3d DCA 1997)(stating that "[b]ecause it is virtually self-evident that, by its very nature, all commercial uses create `more traffic' than non-commercial ones, it is equally obvious that local government cannot justify a denial of a particular commercial use on this ground. To hold otherwise would mean as it apparently did in the proceedings before the Commission, that the protectable rights of any owner may be arbitrarily destroyed. This is not, and we will not let it be, the law.")(emphasis added).
Moreover, the record reflects that the neighbors' testimony in this case was purely subjective and opinion based rather than fact based. For example, the neighbors testified that they feared that the granting of the Church's application would increase the noise level and destroy the residential nature of their neighborhood. The neighbors' fears regarding the noise level was, however, belied by the objective evidence in this case. The record here clearly shows that the Church's building would be located at the lot's widest point, internal to the site, and natural canals, pre-existing block walls and dense landscaping along the perimeter would minimize any potential noise impact. Thus, the neighbors' subjective concerns, as a matter of law, did *741 not amount to substantial competent evidence as they were not fact-based. See Metropolitan Dade County v. Blumenthal, 675 So.2d 598, 607 (Fla. 3d DCA 1995)(holding that "citizen testimony in a zoning matter is perfectly permissible and constitutes substantial competent evidence, so long as it is fact-based.... Mere generalized statements of opposition are to be disregarded, but fact-based testimony is not."); see also Grefkowicz v. Metropolitan Dade County, 389 So.2d 1041, 1042 (Fla. 3d DCA 1980)(stating that "the objections of a large number of residents of the affected neighborhood are not a sound basis for the denial of a permit.").
The majority's opinion, in effect, concludes that the objective aerial photographs, zoning maps, professional recommendations and independent traffic studies, which completely contradict the purely subjective opinions of the neighbors are irrelevant. With all due respect, I cannot agree, particularly given the County's candid concession during oral argument that the neighbors' primary opposition to the Church's application was that they simply did not want another tax-exempt institution in their midst. Opposition to the non-use variances based upon this type of mentality in this case is completely at odds with our supreme court's pronouncement that educational and religious tax exemptions indeed benefit a community. See Johnson v. Presbyterian Homes of Synod of Fla., Inc., 239 So.2d 256 (Fla.1970)(the legislative purpose of the tax exemption of property owned by nonprofit, quasipublic corporations is an affirmative policy that considers these groups as beneficial and stabilizing influences in community life, and finds this classification useful, desirable, and in the public interest).
Thus, for the foregoing reasons, I would deny certiorari in this cause.
NOTES
[1] The neighbors presented evidence that there were already between 12 and 15 churches within a distance of 1.1 miles in this area. They argued that this unusually high concentration of churches altered the residential character of the area.
[2] Non-use variances represent a variance from the minimum distance between the street, rear or side of a lot, and the front, rear or side lines of a building, which have no relation to a change of the use of the subject property.