786 So.2d 623 (2001)
MARION COUNTY, Petitioner,
v.
Joe PRIEST, Respondent.
No. 5D00-3013.
District Court of Appeal of Florida, Fifth District.
April 27, 2001.
Rehearing Denied June 14, 2001.
*624 Gordon B. Johnston, County Attorney, and Thomas D. MacNamara, Assistant County Attorney, Ocala, for Petitioner.
Bryce W. Ackerman of Hart & Gray, Ocala, for Respondent.
COBB, J.
This case involves a vote by the Marion County Board of County Commissioners to deny respondent Joe Priest's request for a "special use permit." Priest wanted to use his site to withdraw 100,000 gallons of water a day so the water could be sold as bottled water in Zephyrhills in Pasco County. The County Commission voted to deny the permit. Priest petitioned for certiorari, and the circuit court ruled that he was entitled to the permit. Now, Marion County petitions this court for a writ of certiorari to review the circuit court's decision to grant certiorari in favor of Priest. We grant the writ of certiorari because the circuit court erred in substituting its evaluation of the evidence for that of the County Commission. The court improperly reweighed the evidence to conclude that there was no competent substantial evidence to support the County Commission's finding that the proposed "special use permit" was adverse to the public interest.
In 1999, Joe Priest applied for a special use permit defined as: "A use that would not be appropriate generally or without restriction throughout the particular zoning classification but which, if controlled as to number, area, location, or compatibility with the surrounding area, would not adversely affect the public health, safety, and general welfare." Marion County Land Development Code § 2.2.134. Priest wanted to install a well to pump up to 500,000 gallons per day and to construct a small water transfer station on 10.35 undeveloped acres located in Marion County. In an attempt to win approval of the permit, the figure was later amended to 100,000 gallons per day. The zoning commission adopted the planning department's recommendation that the special use permit be approved, subject to 13 conditions.
On February 15, 2000, the County Commissioners held a public hearing to consider the findings and recommendations from the zoning commission regarding Priest's request for a special use permit. Under Marion County Land Development Code § 4.6, the County Commission "is under no obligation to approve a special use permit unless and until the applicant meets their burden of demonstrating that the proposed use will not adversely affect the public interest, the proposed use is consistent with the comprehensive plan, and the proposed use is compatible with land uses in the surrounding area."
Three Marion County homeowners appeared at the hearing to object to granting the special use permit on two bases: the impact upon existing roads, and the impact upon their own already restricted water usage. One homeowner stated that he was concerned because of the roads and because this permit would allow 100,000 gallons a day to go out of the county, while he "can only water [his] lawn two days a week, otherwise [he] can be fined or put in jail." Another homeowner, a former well driller, said he was concerned because the aquifer has dropped; Levy County already has saltwater intrusion in its wells; the lake at Hopkins Prairie in the Ocala Forest has dropped 15 feet; Silver Springs' flow has dropped 200,000,000 gallons in 50 years; and even persons living in the forest are under water restrictions. A third homeowner showed concern for the effect the water trucks would have upon the roads. She also pointed out that local usage of water, in contrast to the proposed usage, would result in return of that water *625 to the aquifer. At one point one commissioner specifically stated that in light of the fact that they had "taken such a strong position by adopting a water resource protection plan and waste water plan addressing the concerns of water," he believed it would be adverse to public interest to allow 100,000 gallons a day to be withdrawn. The commissioners unanimously voted to deny the special use permit on the basis that the proposed use would adversely affect the public interest.
Priest then petitioned the circuit court for certiorari review. The circuit court overturned the decision, ruling in part that at the hearing, "the only evidence that was presented other than the evidence which was before the Marion County planning department and zoning commission was the presentation made by Joe Priest's representative and consultants in favor of the application." From this, the court concluded that there was no competent substantial evidence to support the County Commission's determination that granting the special use permit would adversely affect the public interest. We disagree.
The Supreme Court of Florida has defined substantial evidence as "such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred." De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957). For the "substantial" evidence to also constitute "competent" evidence, the evidence relied upon "should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached." Id.; see Irvine v. Duval County Planning Comm'n, 495 So.2d 167 (Fla.1986). We hold that the circuit court departed from the essential requirements of law in improperly reweighing the evidence and substituting its judgment for that of the County Commission.
A similar situation occurred in this court in St. Johns County v. Smith, 766 So.2d 1097 (Fla. 5th DCA 2000). There, this court held that the circuit court departed from the essential requirements of law when it substituted its evaluation of the evidence for that of the County. Even though the circuit court in that case said that it was quashing the county's decision because of an absence of competent substantial evidence, this court found that the circuit court's opinion clearly showed that it was reweighing the evidence, as shown by its rejection of the testimony of the county's experts. See Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000) (improper for circuit court to conduct a de novo review and substitute its judgment for city's as to relative weight of conflicting evidence); City of Jacksonville Beach v. Marisol Land Dev., Inc., 706 So.2d 354, 355 (Fla. 1st DCA 1998) (circuit court is not authorized to decide questions of zoning policy de novo); see also Metropolitan Dade County, Bd. of County Comm'rs v. Dusseau, 725 So.2d 1169 (Fla. 3rd DCA 1998) (Commission's decision on special exception and unusual use was supported by competent substantial evidence, and circuit court departed from the essential requirements of law when it reweighed evidence and completely ignored evidence which supported Commission's ruling), review granted, 761 So.2d 328 (Fla. Mar 27, 2000).
The circuit court in this case determined that the concerns of the property owners and the County Commissioners about the roads and about the effect of the drought did not constitute evidence. This erroneous determination conflicts with existing law. For example, in Metropolitan Dade County v. Sportacres Dev. Group, Inc., 698 So.2d 281 (Fla. 3rd DCA 1997), the Third District held that the County Commission had access to a record which *626 contained maps, reports and other information which, "in conjunction with the testimony of the neighbors, if believed by the Commission, constituted competent substantial evidence." The Third District therefore concluded that the decision of the circuit court was a departure from the essential requirements of law, granted the petition for certiorari, quashed the decision of the circuit court, and reinstated the decision of the county commission. Sportacres, 698 So.2d at 282. See also Miami-Dade County v. Walberg, 739 So.2d 115, 117 (Fla. 3rd DCA 1999) ("under the correct legal standard, citizen testimony in a zoning matter is perfectly permissible and constitutes substantial competent evidence, so long as it is fact-based"), review dismissed, 763 So.2d 1046 (Fla.2000).
In the case Sportacres cited and primarily relied upon, Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3rd DCA 1995) (en banc), review dism'd, 680 So.2d 421 (Fla.1996), the Third District said that, in addition to determining "whether the administrative findings and judgment are supported by competent substantial evidence," the District Court's scope of review includes the determination of whether the circuit court applied the correct law. Blumenthal, 675 So.2d at 607; see City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). The en banc court ultimately concluded that the circuit court applied incorrect law in determining what constituted "competent, substantial evidence." The Third District said that, in rejecting the citizens' testimony, the circuit court clearly was laboring under a misinterpretation of Judge Downey's much-cited opinion in City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974).
In City of Apopka, 299 So.2d at 660, the Orange County Commission turned down a zoning request for an airport, based on public input which was "in the main laymen's opinions unsubstantiated by any competent facts." The "testimony" in that case was mainly from "[s]everal other property owners [who] speculated about what would happen to the area's zoning, complained about the anticipated noise, and generally wanted to keep the status quo in the area." Id. at 659. The Third District said in Blumenthal that City of Apopka did not mean that a layman's testimony was not competent evidence. Instead:
Under the correct legal standard, citizen testimony in a zoning matter is perfectly permissible and constitutes substantial competent evidence, so long as it is fact-based. Id.; see also Grefkowicz v. Metropolitan Dade County, 389 So.2d 1041, 1042 (Fla. 3d DCA 1980). Mere generalized statements of opposition are to be disregarded, but fact-based testimony is not. "[T]he facts disclosed by objecting neighbors should be considered...." 3 Robert M. Anderson, American Law of Zoning 3d § 21.28, at 745 (1986). In deciding that the property owners' testimony in this case had to be ignored, the circuit court clearly misunderstood City of Apopka ....
Blumenthal, 675 So.2d at 607.
Therefore, when the facts are such that a zoning authority has a choice between two alternatives, it is up to the zoning authority to make the choice, and not the circuit court. Id. at 606; see also City of Dania, 761 So.2d at 1093 (circuit court could not substitute its evaluation of evidence for city's and there was no valid reason city should be required to disregard expert opinions and testimony of residents). In the present case, although the main evidence presented in opposition to the request for the special use permit was the testimony of other property owners, that citizen testimony was perfectly admissible *627 and, because it was fact based, could constitute substantial competent evidence. See also Metropolitan Dade County v. Section 11 Property Corp., 719 So.2d 1204 (Fla. 3rd DCA 1998) (fact-based testimony of neighbor regarding incompatibility of project with surrounding neighborhood, coupled with site plan and drawings, constituted competent substantial evidence to support denial of exception), review denied, 735 So.2d 1287 (Fla.1999). In this case, the circuit court completely rejected the testimony of the property owners, even though their testimony was fact based, and not mere generalizations. See generally Southwest Fla. Water Management Dist. v. Charlotte County, 774 So.2d 903 (Fla. 2nd DCA 2001) (discussing Florida's water policies, including the state's attempts to cut down on water usage).
This case is also akin to a recent "conditional use" case. In City of Jacksonville Beach v. Car Spa, Inc., 772 So.2d 630 (Fla. 1st DCA 2000), the First District applied City of Dania to conclude that the circuit court improperly reweighed the evidence, substituting its judgment for that of the planning commission as to the relative weight of that evidence. In doing so, the circuit court rejected the testimony of various persons, including "the testimony of a number of neighbors regarding existing traffic problems, and the testimony of two who were also realtors that the proposed use would have an adverse impact upon property values." Id. at 630. The circuit court found their testimony to be "essentially irrelevant." The district court noted that under City of Dania the circuit court must simply determine whether the city's decision was supported by competent substantial evidence, not whether there is evidence to support the other side.
We therefore conclude that the circuit court departed from the essential requirements of law by improperly reweighing and rejecting the evidence which came out at the hearing. The court should not have substituted its judgment for that of the proper fact-finderthe County Commission.
Petition for Writ of Certiorari GRANTED; Order QUASHED.
THOMPSON, C.J. and HARRIS, J., concur.