GEARON & CO., INC., d/b/a Gearon Communications, and Communication Towers, Inc., Plaintiffs,

v.

FULTON COUNTY, GEORGIA; Fulton County Board of Zoning Appeals; D. Scott Jones, Chairman, Board of Zoning Appeals; Rose McClain; Darius Keene, Jr.; Joe D. Hindman; Karen Thurman; Edward Vaughn; and Dale Reeves, Members of the Board of Zoning Appeals, in their individual and official capacities, Defendants.

No. CIV.A.1:97–CV–3231–WBH.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 23, 1998.

---

Stephen Rothman, James Stuart Teague, Wilson, Block & Irby, Atlanta, GA, for Plaintiffs.

John Andrew Nix, Robert L. Zoeckler, Thomas A. Bowman, Maddox, Starnes & Nix, Conyers, GA, for Defendants.

## ORDER

HUNT, District Judge.

Plaintiffs bring this action seeking review of the Fulton County Board of Zoning Appeal's ("BZA") denial of its request for a zoning variance under the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332. Plaintiffs also assert various federal and state constitutional claims. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. On December 22, 1997, the Court heard oral argument on plaintiffs' claims under the TCA,[1] and those claims are now ripe for the Court's consideration.

## I. BACKGROUND

Plaintiffs Gearon & Co., Inc. ("Gearon") and Communication Towers, Inc. ("Communication Towers") are corporations engaged in the business of locating and constructing personal wireless services facilities. On or about August 7, 1997, Gearon [2] applied to the BZA for a zoning variance to allow it to erect a cellular communications monopole in the rear corner of the rectangular shaped lot at 700 Dalrymple Road in Fulton County, Georgia. The variance was necessary because construction of the monopole in the desired location would not have complied with Fulton County's zoning provisions requiring certain "setbacks" and "undisturbed buffers."

On September 18, 1997, the BZA held a hearing on Gearon's application, but determined that another hearing would be required to resolve the matter. At the conclusion of the second hearing, conducted on October 16, 1997, the BZA denied Gearon's application. On October 23, 1997, the BZA provided Gearon with a formal, written denial of its application, stating that "[a]s a result of the public hearing held by the Fulton County Board of Zoning Appeals on Thursday, October 16, 1997, the ... appeal was denied." Plaintiff now seeks review of this decision under the TCA.

## II. DISCUSSION

The TCA is a relatively new piece of federal legislation designed to increase competition in the telecommunications industry. The TCA does not preempt "the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities." 47 U.S.C. § 332(c)(7)(A). However, the act does limit a local government's discretion in regulating personal wireless service facilities.

Specifically, the TCA provides that a local governmental body: (1) "shall not unreasonably discriminate among providers of functionally equivalent services; and shall not prohibit or have the effect of prohibiting the provision of personal wireless services"; (2) "shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed"; (3) shall make a decision "to deny a request to place, construct, or modify personal wireless service facilities ... in writing and supported by substantial evidence contained in a written record"; and (4) may not "regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emission to the extent that such facilities comply with the Commission's regulations concerning emissions." 47 U.S.C. § 332(c)(7)(B)(i)-(iv). Plaintiffs maintain that defendants' denial of Gearon's application violated several of these provisions.

Plaintiffs' claims under the TCA are treated as an appeal from the BZA's decision in which the Court's primary inquiry is whether the decision is supported by "substantial evidence contained in a written record." *See BellSouth Mobility, Inc. v. Gwinnett County,* 944 F.Supp. 923, 926 (N.D.Ga. 1996). In the event that the Court finds the decision to be so supported, it is still incumbent upon the Court to ensure that the decision neither prohibits the provision of

---

1. As this hearing was scheduled in response to plaintiff Gearon & Co., Inc.'s motion for expedited hearing [3], the Clerk of the Court is DIRECTED to terminate that submission.

2. It does not appear to the Court that plaintiff Communication Towers was a party to the application to the BZA, and it is not clear to the Court how Communication Towers is involved in this litigation.

personal wireless services nor unreasonably discriminates against plaintiff. 47 U.S.C. § 332(c)(7)(B)(i).

### A. BZA's Decision is Supported by Substantial Evidence Contained in a Written Record

As noted above, the TCA requires that any decision by a state or local government to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record. 47 U.S.C. § 332(c)(7)(B)(iii). The TCA also grants any person adversely affected by such a decision the right to appeal the decision to a district court. 47 U.S.C. § 332(c)(7)(B)(v). Thus, the Court finds that plaintiffs' action is properly before this Court.[3]

■ Plaintiffs first contend that defendants violated the TCA by failing to include a more thorough discussion of the decision to deny Gearon's application, including citations to the evidence that support the decision, in the written notice of denial provided to Gearon. Although the Court agrees that such a discussion would have made the Court's task easier in this case, it cannot conclude that the brevity of the written notice provided to Gearon requires a reversal of the BZA's decision. Rather, the Court finds that defendants' notice, while brief, satisfies the TCA's requirement that a denial of a request to place a personal wireless service facility be in writing. *See BellSouth Mobility,* 944 F.Supp. at 926, 928 (County's written notification, stating only that plaintiffs' "application for a Tall Structure permit was denied at the Board of Commissioners meeting on April 23, 1996" sufficient to trigger Court's obligation to determine whether decision was supported by substantial evidence in a written record). Thus, the Court must determine whether the decision was supported by substantial evidence in a written record.

■ The legislative history of the TCA makes clear that, "[t]he phrase 'substantial evidence contained in a written record' is the traditional standard used for judicial review of agency actions." *Id.* at 928. Courts have interpreted substantial evidence to mean "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* After carefully reviewing the written record of all of the proceedings before the BZA, the Court concludes that it contains substantial evidence to support the BZA's decision to deny Gearon's application for a variance.

■ Because the proposed site of the communications monopole did not comply with all of the county's zoning requirements, Gearon was required to a obtain a zoning variance from the BZA in order to go forward with the construction. As the party seeking the variance, Gearon bore the burden of demonstrating to the BZA that the relief sought would be in harmony with the general purpose and intent of the Zoning Resolution of Fulton County and that the application of the resolution to the property at issue would create an unnecessary hardship to the owner because of its unusual size, shape, or topography. Zoning Resolution § 22.4.–1A & B. Gearon failed to carry this burden at either of the hearings before the BZA.

Although Gearon argued that the hardship of which it complained was "the size of the parcel," Transcript of October 16, 1997 hearing, p. 13, line 9, it failed to put forth evidence that substantiated this claim. For example. Gearon's primary complaint was with the zoning requirement that the tower be set back from the rear property line a distance equal to the height of the tower. However, Gearon did not offer any evidence that the tower could not be made any shorter than the proposed 195 feet. Nor did it offer any evidence concerning the purported lack of other suitable sites to erect the monopole in the area. In fact, Gearon took the position

---

**3.** The Court recognizes that, during oral argument, defendants maintained that plaintiffs are not "providers" of personal wireless services as that term is used in the TCA and that their claims, therefore, were not properly before the Court. In light of the fact that 47 U.S.C. § 332(c)(7)(B)(v) applies to "any person adverse-

ly affected" by a decision of a state or local government, the Court construes defendants' argument to be limited to plaintiffs' claim that defendants' decision unreasonably discriminated against plaintiffs. *See* 47 U.S.C. § 332(c)(7)(B)(i)(I).

that it could erect the tower in another location on the property at issue that would not require any variances.[4] Transcript of October 16, 1997 hearing, p. 13–14, lines 22–4. In short, Gearon failed to present evidence demonstrating that denial of the variance would result in the imposition of an unnecessary hardship on it or the owner of the property. *Cf. BellSouth Mobility,* 944 F.Supp. at 928 (plaintiffs submitted "numerous documents in support of their application," including a safety study, an airport memorandum, recommendation of approval from the Gwinnett planning department, expert appraiser reports regarding property values, and evidence concerning the radio frequency emissions). Because Gearon bore the burden of demonstrating that denial of its application would result in the imposition of an unnecessary hardship, this lack of evidence constitutes substantial evidence in support of the BZA's denial of the application.

B. Record Does Not Support Finding that Denial Prohibits the Provision of Personal Wireless Services

█ As plaintiffs in this action, Gearon and Communication Towers bear the burden of proof on their claim that the BZA's denial of Gearon's application had the effect of prohibiting the provision of personal wireless services. Although Gearon argued before the BZA that there were gaps in the coverage of wireless telecommunications in the area where plaintiffs sought to erect the tower, it failed to demonstrate that there were no other suitable sites to erect a tower that would fill in the gaps in coverage in the area. In fact, the BZA noted that an alternative site was available on property adjacent to the proposed site. While Gearon notes that it was not attempting to erect its tower on this alternative site, the existence of this site establishes that the BZA's decision that Gearon was not entitled to a variance to build its tower on a particular site did not have the effect of prohibiting the provision of personal wireless services.

C. Record Does Not Support a Finding that Denial Unreasonably Discriminated Against Plaintiffs

█ The record is also bereft of any evidence that defendants unreasonably discriminated against plaintiffs in denying Gearon's application. Although the Court recognizes that many of the opponents who spoke at the hearing expressed a desire for the tower to be built on the adjacent site, which is owned by the Fulton County School Board, because that would lead to income for the county's schools, the Court finds that even if the BZA's denial of the application was based on a desire to raise income for the schools, such a decision would not constitute unreasonable discrimination against a provider of personal wireless services under the TCA.

First, it is clear that such a decision would be based on a preference for a specific site, not a specific provider of personal wireless communications. Furthermore, although plaintiffs make much of the fact that Nextel, one of the providers who had committed to using plaintiffs' proposed tower, was simultaneously negotiating with the Fulton County School Board to erect its own tower on the school property, this evidence does not support the conclusion that the BZA unreasonably discriminated against plaintiffs and the other three providers who had committed to use plaintiffs' tower in favor of Nextel by denying Gearon's application for a variance. Rather, the BZA's denial appears to have affected all providers of personal wireless services equally in that no provider was permitted to erect a tower on the proposed site, and plaintiffs have failed to present any evidence to the contrary. In light of these findings, the Court need not address defendants' argument that plaintiffs are not "providers" of personal wireless services within the meaning of the TCA.

III. CONCLUSION

For the aforementioned reasons, the Court finds that plaintiffs are not entitled to the relief they are seeking under the TCA. Accordingly, the Clerk of the Court is DI-

---

4. The Court recognizes that Gearon's statement to this effect was, in fact, incorrect. Nonetheless, the BZA could certainly rely on this state-ment to conclude that no hardship was presented in this instance.

**1356**

RECTED to DISMISS these claims with prejudice. This case shall remain open pending the resolution of plaintiffs' other claims.