**BENJAMINA NURSERY FARM, INC., et al., Plaintiffs,**

v.

**MIAMI DADE COUNTY, et al., Defendants.**

**No. 01–457–CIV.**

United States District Court, S.D. Florida.

Sept. 19, 2001.

---

*Id.*

Daniel Avram Weiss, Weiss Serota Helfman Pastoriza, Miami, FL, for plaintiffs.

William X. Candela, Augusto E. Maxwell, Dade County Attorney's Office, Miami, FL, for defendants.

### ORDER GRANTING PETITION AND REMANDING TO STATE COURT

UNGARO–BENAGES, District Judge.

THIS CAUSE is before the Court upon Petitioners' Petition for Writ of Certiorari

and Petition for Writ of Mandamus and Request for Expedited Review of Benjamina Nursery Farm and Nextel South Corporation (the "Petition"), filed in this Court on February 5, 2001.

THE COURT has considered the Petition, the parties' memoranda and supporting documentation, the pertinent portions of the record and is otherwise fully advised in the premises.

On January 8, 2001, Petitioners Benjamina Nursery Farm ("Benjamina") and Nextel South Corporation ("Nextel") filed their Petition for Writ of Certiorari and Petition for Writ of Mandamus and Request for Expedited Review in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida seeking relief from the County's denial of an application for an "unusual use" variance to permit Nextel's construction of a telecommunications facility on property owned by and leased from Benjamina. The Petition alleges that Respondents, the County and the Miami–Dade County Community Zoning Appeals Board 11 (the "Appeals Board"), violated the Federal Telecommunications Act of 1996, 47 U.S.C. § 332 *et seq*, as well as state law by improperly denying the application. On January 23, 2001, the state court ordered Respondents to respond to the Petition within 20 days. However, on February 5, 2001, Respondents removed the action to this Court based on Petitioners' Telecommunications Act (the "TCA") claim.

After removal, Petitioners moved for entry of default contending that Respondents had failed to respond to the Petition within the time provided by Fed.R.Civ.P. 81. After consideration of the applicable authority and the unusual posture of the case (removal of a state court petition for writ of certiorari and of mandamus), the entry of default was denied. Rather, consistent with the Court's Orders setting a status conference for the purpose of setting a briefing schedule and in response to Petitioners' request for such schedule, the Court ordered Respondents to file a response, with supporting documentation, to the Petition and Petitioners to file a reply, with supporting documentation. *See* April 3, 2001 Omnibus Order (DE 9).

Respondents filed their response to the Petition, citing to Nextel's appendix to the Petition and submitting a copy of an aerial view of the subject property as well as supplemental authority. Respondents argue, however, that the Court should not resolve Petitioner's TCA claim on the instant briefing but rather permit discovery on the claim, as well as on Petitioners' state law claim, and thereafter resolve both claims on motions for summary judgment. In support of this argument, Respondents cite only to cases finding that courts may look beyond the record before the county zoning board in determining whether the subject zoning decision violates the TCA by constituting an effective ban on the provision of wireless services or unreasonable discrimination among functionally equivalent providers. *See* 47 U.S.C. § 332(c)(7)(B)(i). Yet, as found below, the record supports the conclusion that the Appeals Board's decision constitutes neither a ban on the provision of wireless services nor unreasonable discrimination among providers. Moreover, Respondents do not contend that the record before the Appeals Board, as disclosed in the supporting documentation submitted to the Court, is insufficient or that additional discovery is needed to resolve Petitioner's claim that the Appeals Board's decision was not supported by "substantial evidence" in violation of the TCA. *See Group EMF v. Coweta County,* 131 F.Supp.2d 1335, 1343 (N.D.Ga.2000) (rejecting the county's attempt to rely on a basis for denying the plaintiff's special use

permit that was not cited in denying the application); *OPM—USA—Inc. v. County of Marion, Florida,* 1999 WL 1427699, *11 (M.D.Fla. Sept.30, 1999) (explaining that the TCA requires governing bodies to produce a written decision and a written record of all the evidence before the governing body at the time the decision was made). Thus, in light of the TCA's mandate for expedited judicial review of claims under the Act, *see* 47 U.S.C. § 332(c)(7)(B)(v), the TCA's limitation of the evidence upon which the Court may rely to resolve such claims, and the above discussion, the Court is persuaded that it may resolve the TCA claims on the briefing and supporting documentation.[1]

## FACTS

The essential facts underlying Petitioners' TCA claim are not in dispute. Nextel and Benjamina filed a zoning application to obtain an "unusual use" to permit Nextel's installation of a wireless telecommunications facility approximately 2,400 feet east of Krome Avenue and 140 feet north of S.W. 160th Street on property owned by Benjamina (the "Application"). The facility was to consist of antennae, switching equipment, and cables that connect the two, as well as a 200 square foot prefabricated building to house the equipment. The antennae were to be mounted on a 130–foot high monopole capable of accommodating more than one wireless carrier. Nextel intended to site the 130–foot tower toward the middle of the 17.7 acre parcel of property; consequently, the height of the pole would be less than the distance to the property line in any direction.

The property on which the wireless facility was to be installed is a commercial plant nursery and is zoned for general use and designated "Agriculture" on the Land Use Plan map of the County's Comprehensive Development Master Plan. The surrounding properties are similarly zoned and designated and contain farms and groves and one of the properties is vacant. Miami–Dade County Department of Planning and Zoning Recommendation to Community Council No. 11.

The Department of Environmental Resources Management, the Public Works Department, and the County departments of Parks, MDTA, Fire Rescue, and Police evaluated the Application and had no objection. The County Department of Planning and Zoning reviewed the Application and submitted a recommendation to the Appeals Board that the Application should be denied without prejudice. The recommendation stated that the "staff's primary objection is the relation of the proposed tower to the applicable requirements of the Master Plan." In this regard, the recommendation noted that in agricultural areas, such as the Property and the surrounding areas, any use must be ancillary and necessary to support the rural residential community. The recommendation found that there was limited demand for telecommunication facilities in the area in light of the fact that the Property and surrounding areas contained only a few residences and consisted almost entirely of plant nurseries and seasonal agricultural fields that required infrequent maintenance or personnel. The recommendation also noted the Master Plan's requirement that other uses compatible with agriculture may be approved in agricultural areas only if deemed a public necessity or deemed to be in the public interest and no suitable site for the use exists outside the agricultural area. The recommendation noted that Respondents had failed to provide any

---

1. In fact, the Court is not convinced that the instant briefing is not the equivalent of cross motions for summary judgment.

information regarding how the proposed use meets a public necessity. Exhibit 2 in Appendix to Petition.

On December 7, 2000, the Appeals Board held a hearing on the Application at which a representative of Nextel provided documentary evidence and adduced testimony in support of the application. A number of neighborhood residents testified in opposition to the application. At the conclusion of the hearing, the Appeals Board voted unanimously to deny the Application without prejudice. Exhibit 1 in Appendix to Petition. The Appeals Board's Resolution in this regard was passed and adopted on December 7, 2000. Exhibit 11 in Appendix to Petition.

### *LEGAL STANDARD AND ANALYSIS*

On February 8, 1996, Congress enacted the TCA to "provide for a pro-competitive, de-regulatory national policy framework designed to accelerate rapidly private sector deployment of advanced telecommunications and information technologies and services to all Americans by opening all telecommunications markets to competition." H.R.Cong.Rep. 104–458, 104th Cong. (1996). In an effort to implement this purpose, Congress placed certain limitations upon the authority of local bodies to regulate or limit the installation of wireless communication facilities. Specifically, the TCA: 1) prohibits unreasonable discrimination among providers of functionally equivalent services; 2) forbids zoning decisions which prohibit or have the effect of prohibiting the provision of personal wireless services; and 3) requires that any denials of a request to construct or place personal wireless facilities be in writing and "supported by substantial evidence contained in a written record." 42 U.S.C. § 332(c)(7)(B)(i), (iii). Moreover, to ensure the enforcement of these limitations, the TCA authorizes any person adversely affected by any final decision of a state or

local government that is inconsistent with the Act to commence, within 30 days of such adverse decision, an action in any court of competent jurisdiction. 42 U.S.C. § 332(c)(7)(B)(v).

Petitioners contend that the Appeals Board's denial of the Application constitutes unreasonable discrimination among wireless communication providers, bans or effectively bans the provision of wireless services, and is not supported by substantial evidence. Petitioner requests that the decision of the Appeals Board be quashed and a writ of mandamus directing the Appeals Board to approve the Application. For the reasons discussed below, the Petition is granted.

### I. Unreasonable Discrimination

 As stated above, the TCA prohibits a county zoning board from unreasonably discriminating against providers of functionally equivalent services. 47 U.S.C. § 332(c)(7)(B)(i)(I). The record lacks any evidence that the County unreasonably discriminated against Nextel in denying the Application.

In reaching this conclusion, the Court acknowledges Nextel's reliance on the fact that the Appeals Board approved five applications for unusual use for telecommunications facilities by BellSouth and Sprint in what Nextel characterizes as "instances identically situated to Nextel" in several respects. However, it is apparent from even a casual review of Nextel's chart comparing the five applications and Nextel's application that Nextel has not presented any evidence concerning the sites which would tend to show unreasonable discrimination by the County among functionally equivalent providers. First, the BellSouth and Sprint applications that were approved by the Appeals Board were for sites other than the proposed Benjami-

na Nursery site. *See* Petition at p. 9 [2]. *See also Gearon & Co., Inc. v. Fulton County, Georgia,* 5 F.Supp.2d 1351, 1355 (N.D.Ga.1998) (finding that county had not unreasonably discriminated against personal wireless service provider because county's denial of application affected all providers equally in that no provider was permitted to erect a facility on the proposed site). Second, the record does not contain sufficient evidence from which the sites can be meaningfully compared. For example, although Nextel's chart compares pole height, tract size, and zoning classification, there is no additional evidence which would allow an intelligent assessment of how the structure and placement of the proposed facility would compare to impact of the structure and placement of the existing installations on either an individual or cumulative basis. *See APT Pittsburgh Ltd.,* 111 F.Supp.2d at 674 (finding that it was not unreasonable for the municipality to reject an application to build a communications tower in a locale where there are already a number of communications towers); *APT Pittsburgh Ltd. Partnership v. Penn Township Butler County of Pennsylvania,* 196 F.3d 469, 480 (3rd Cir .1999) ("[I]t is not unreasonably discriminatory to deny a subsequent application for a cell site that is substantially more intrusive than existing cell sits by virtue of its structure, placement, or cumulative impact.") For these reasons, the Court is unpersuaded that the Appeals Board's denial of the Application constituted unreasonable discrimination among functionally equivalent providers.

## II. Prohibiting the Provision of Personal Wireless Services

■ Nextel next argues that the Appeals Board's denial of the Application prohibited or had the effect of prohibiting the provision of personal wireless services in violation of § 332(c)(7)(B)(i)(II) of the TCA. Nextel appears again to rely on the fact that the Appeals Board approved the five other unusual use applications of Bell-South and Sprint. However, a governmental authority does not violate the TCA merely because it grants a competitor's permit and denies the applicant's permit. *See PrimeCo Personal Comm.,* 1998 WL 565036 at *12. Rather, the TCA prohibits local laws or policies that actually prohibit or have the effect of prohibiting the provision of personal wireless services generally. *See id.* Thus, in order for Nextel to prevail on a claim under this provision of the Act, it must show that the County prohibits any wireless service in—as Nextel defines the relevant area—the Krome Avenue area or that the County's application approval decisions have resulted in the rejection of applications for all possible sites in that area.

Nextel cannot make such a showing as Nextel's own argument reveals that the County has approved at least three applications for the erection of monopoles for telecommunications facilities in or around the Krome Avenue area. *See id.* at *12–13 (finding that a local zoning authority's decision to deny a single application is not prohibited by the TCA, even if the denial results in a providers' inability to provide cellular service in a particular area); *Gearon,* 5 F.Supp.2d at 1355 (noting that the existence of an alternative site adjacent to the proposed site established that the zoning board's decision to deny the plaintiff's application did not have the effect of prohibiting the provision of personal wireless services). Thus, Nextel has failed to dem-

---

**2.** In fact, unlike Nextel's proposed site, two of the locations are not adjacent to or near Krome Avenue. *See* Petition at p. 9.

onstrate that the Appeals Boards' denial of the Application prohibited or had the effect of prohibiting the provision of personal wireless services.

## II. Appeals Board's Decision Supported by Substantial Evidence

Lastly, Nextel argues that the Appeals Board's denial of the Application was not supported by substantial evidence and therefore fails to meet the requirements of the TCA such that it is entitled to relief. The TCA requires that any decision by a state or local government to deny a request to construct a personal wireless services facility must be "in writing and supported by substantial evidence contained in a written record." Section § 332(c)(7)(B)(iii). Accordingly, governing bodies must produce a written decision explaining the reasons for the decision and the evidence that led to that decision, and a written record of all the evidence before the governing body at the time the decision was made. *See, e.g., PrimeCo Personal Comm.,* 1998 WL 565036 at 8; *OPM— USA—Inc. v. County of Marion, Florida,* 1999 WL 1427699 (M.D.Fla.1999) (noting that courts have rejected written decisions that do little more than inform the plaintiff of the decision itself).

■ Moreover, the requirement that the governing body's decision be supported by "substantial evidence" refers to the traditional standard used for judicial review of agency decisions. *See PrimeCo Personal Comm.,* 1998 WL 565036 at *8 (quoting H.R.Conf. No. 104–458, 104th Congress, 2d Sess. 208 (1996)) "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See BellSouth Mobility, Inc. v. Gwinnett County, Georgia,* 944 F.Supp. 923, 928 (N.D.Ga.1996). In employing this standard, however, a court is not free to substitute its judgment for that of the local governing body. *See id.* Rather, the court must conclude that it cannot find conscientiously that the evidence supporting the decision is substantial, when viewed against the record in its entirety. *See id.*

■ After a careful consideration of the record, including the Appeals Board's Resolution denying the Application, this Court is not satisfied that the Appeals Board's decision is supported by substantial evidence. As an initial matter, the Court notes that the Resolution contains nothing more than generalized, conclusory statements regarding the denial of the Application. Specifically, the Appeals Board concluded that Nextel's requested unusual use would not be compatible with the area, would not be in harmony with the general purpose of the regulations, and the requirements and intent of the Zoning Procedure Ordinance, and would have an adverse impact upon the public interest. However, the Resolution does not explain the bases for these conclusions nor why it did not find the evidence offered by Nextel on these issues at the hearing on the Application to be persuasive. These deficiencies warrant a finding that the Appeals Board's denial of the Application violates the TCA. *See PrimeCo Personal Comm.,* 1998 WL 565036 at *8.

Nevertheless, the Court notes the Appeals Board's reliance on the Department of Planning and Zoning's ("DPZ") statement that it was not in receipt of any information that Nextel's proposed use would meet a public necessity at the time it made its recommendation for denial of the Application. In making this statement, however, the DPZ acknowledged the fact that an unusual use application could be approved if the applicant demonstrated that the proposed unusual use would meet a public necessity or could be

deemed to be in the public interest, and no suitable site for the use existed outside the proposed area. At the hearing on the Application, Nextel offered competent evidence that the proposed telecommunications facility would be in harmony with the existing area as it would not affect the operation of the nursery upon which it was to be sited nor any of the surrounding businesses or residences. Exhibit 1 in Appendix to Petition, pp. 24, 56–57. Additionally, Nextel offered evidence that the proposed telecommunications facility actually would support the agricultural businesses and the residential community in the area because it would address a gap in Nextel's service and that there is no area that is not zoned for agricultural uses where the facility could be located to correct that gap. Exhibit 1 in Appendix to Petition at pp. 21–22, 29–31, 53, 59–62.

Further, with respect to the Appeals Board's conclusion that the proposed unusual use would not conform to the requirements and intent of the Zoning Procedure Ordinance, the Court notes that the record before the Appeals Board does not appear to support and, in fact, contradicts this conclusion. There is no evidence that any of the County departments, except the DPZ, had any objection to the approval of the Application. Exhibits 2 & 3 in Appendix to Petition. The DPZ's only stated objection was that there was a limited, not an absence of, demand for cellular telecommunication facilities in the area at the time. Exhibit 2 in Appendix to Petition. In other words, the DPZ did not go so far as to opine that the proposed unusual use was incompatible with the requirements and intent of the Zoning Procedure Ordinance.

Finally, the Court acknowledges that the Appeals Board heard neighbor testimony that the proposed use would be incompatible with the neighborhood. However, to the extent the Board relied on this testimony to support its finding of lack of compatibility, the Board failed to identify how the testimony factually substantiated its conclusion that the proposed unusual use "would not be compatible with the area and its development." Moreover, the neighbor testimony, while sincere, was largely opinion based and, therefore, lacked sufficient factual content to support the Appeals Board's decision.[3] *Cellular Tel. Co. v. Town of Oyster Bay,* 166 F.3d 490, 493 (2d Cir.1999); *City of Apopka v. Orange County,* 299 So.2d 657, 659 (Fla. 4th DCA 1974) (holding that public hearings should not be held for the purpose of polling the neighborhood, but to present facts to assist a board with its decision).

In sum, Nextel presented substantial testimony and other evidence that its proposed unusual use was compatible with the existing zoning and in the public interest, and that no suitable site existed outside the proposed area. That testimony appears to have been "contradicted" only by the incompetent opinion testimony of the local residents. Accordingly, the Appeal Board's denial of the application was not supported by substantial evidence and, for this additional reason, Petitioners are entitled to relief. Accordingly, it is hereby

ORDERED AND ADJUDGED that Petitioners' Petition for Writ of Certiorari and Petition for Writ of Mandamus and Request for Expedited Review of Benjamina Nursery Farm and Nextel South Corporation is GRANTED. It is further

ORDERED AND ADJUDGED that the case is REMANDED to state court to

---

**3.** The testimony focused on opinions regarding health, safety and aesthetic concerns. While Petitioners offered evidence to rebut this testimony, Respondents did not offer evidence to demonstrate a factual basis underlying these concerns.

address the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

ORDERED AND ADJUDGED that all motions currently pending before the Court in this matter are DENIED AS MOOT.